## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT,

IN THE

### COUNTY OF LINCOLN, JUNE TERM, 1805,
### AT WISCASSET.

———

### WILLIAM SULLIVAN, Assignee of ICHABOD FROST, a Bankrupt, *versus* EDMUND BRIDGE.

The right of action which bankrupt has against a sheriff for not collecting the contents of an execution is transferred to the assignee of bankrupt by the assignment of his estate by the commissioners.

THIS was an action on the case, commenced originally by the bankrupt, against the defendant as sheriff of this county for the default of his deputy.

The declaration stated that the bankrupt had recovered a judgment against one *Samuel Millet Martin* for the sum of 189 dollars and 74 cents, including damages and costs, on which an execution had issued, which was delivered to *Samuel Sevey*, one of the deputies of the sheriff, and that *Sevey* delivered the same over to *Abner Kean*, another of the deputies of the sheriff, and that neither of the deputies had served, executed or returned the same according to the precept thereof; by means whereof *Frost* had wholly lost the benefit of his said judgment and execution against *Martin*, and that the defendant thereby became liable, and was bound by law to pay *Frost* the amount of the judgment and execution.

*The defendant pleaded that the said *Sevey* and *Kean*, [ * 512 ] or either of them, were not guilty in manner and form, &c., on which issue was joined; and the jury, at the trial of the

issue in October term, 1803, found that *Sevey* was *not guilty*, and that *Kean* was *guilty* in manner and form, &c., and assessed damages at 189 dollars and 74 cents, the whole amount of the judgment and execution.

Previous to the trial, the assignee of the bankrupt had been admitted to prosecute the action ; and the counsel for the defendant immediately after the verdict had moved in arrest of judgment, and assigned therefor two reasons ; *viz. : First,* That the supposed cause of the action is not by law assignable to the said *William Sullivan* in his capacity aforesaid, nor has the same ever been assigned to him by the commissioners named in the commission of bankruptcy against the said *Ichabod Frost,* the same not having been an existing debt at the time of such assignment by the said commissioners And, *Secondly,* that the plaintiff's declaration is not sufficient in law for him the said *Sullivan* to have judgment upon the same on the verdict aforesaid.

The cause had been formerly argued, and continued for consideration. And now,

*Wilde,* for the defendant, said that the question before the Court depended upon the statute of bankruptcy, by the 13th *sect.* of which the commissioners had " power to assign for the use of the creditors of a bankrupt all the debts due to such bankrupt, or to any other person for his or her use or benefit." And he contended that this claim was neither within the words nor meaning of the statute That it was not a debt, but the action was brought for a tort ; and that no rights of actions for torts, trespasses, &c., were assignable

*S. Lee,* for the plaintiff, contended that by the words of *that sect.* of the statute, subsequent to those read by the counsel [ * **513** ] for the defendant, it was * apparent that this claim was assignable by the commissioners. The words which follow are—" which assignment shall vest the property and right in the assignees of such bankrupt as fully as if the bond, *judgment,* contract or *claim,* had originally belonged or been made to the assignees." The foundation of the present claim is a *judgment,* and the action is brought to recover satisfaction for an existing judgment which the plaintiff has lost by means of the improper conduct of the sheriff's officer.

Neither of the counsel made any observations, *now,* as to the *second* reason assigned for arresting the judgment.

THACHER, J. The ground of the motion in arrest of judgment is that the action is not brought to recover a debt, and therefore that the right of action, if one existed in the bankrupt, is not transferred to the assignee by the assignment of the commissioners. That the word debt is not to be taken in its technical meaning is obvious

from the statute. The statute speaks of a " bond, judgment, *contract* and *claim*," and in the same sect. which has been cited and relied on by the counsel for both parties, it is provided that " when any action in the name of such bankrupt shall have been commenced, and shall be pending for the recovery of any debt or *effects* of the bankrupt, the assignee shall be admitted to prosecute," &c. I think that the assignment extends to all claims founded in property. That in all cases where the cause of action would survive to the executor of the bankrupt, it passes to his assignee. For instance, *trover*. Perhaps also a right of action for trespass *quare clausum fregit*, would pass to the assignee. For although *such* cause of action does not survive to the executor of the bankrupt, yet it is founded in property, and the land itself passes by the assignment. The present claim is * founded in proper-  [ * 514 ] ty ; the cause of action would have survived to the executor of the bankrupt, and therefore, in my opinion, the assignee is entitled to judgment according to the verdict.

SEWALL, J. Upon the question of the authority of the *now* plaintiff to maintain this action, I am clear in the opinion that he has the authority contended for. *William Sullivan*, it is admitted, or understood from the verdict which has been found, is the assignee of the effects of *Ichabod Frost*, (who, since the judgment mentioned in the declaration of the writ, has become a bankrupt,) and, as such, claims the said judgment, and this action to obtain the benefit of it, under and by force of the statute of bankruptcy of the *United States*. By the 13th *sect.* of that statute, debts due to the bankrupt are assignable by the commissioners. And that in the term " debts," is included any judgment recovered by the bankrupt, remaining unsatisfied, appears in the next subsequent words ; which declare, " that the property and right of such assigned debt shall vest in the assignee as fully as if the bond, *judgment*, &c., had originally belonged to him." The judgment recovered by *Frost* against *Martin* has been, therefore, unquestionably assigned by the bankruptcy of *Frost* and the proceedings thereupon had. And as to this particular action, it is, in my opinion, to be considered as one of the legal remedies provided for a judgment-creditor, whereby he may obtain a satisfaction or a compensation for his judgment. The reason of the thing, and the obvious construction of the bankrupt law, warrant this decision without further evidence of the reported authority which has been cited for the plaintiff. (*a*)

Upon the other question, of the form of the declaration, * although at the first argument I had some doubts,  [ * 515 ]

(*a*) The authority here referred to must, I believe, have been cited upon a former argument. If any was cited at this term, it escaped my notice.

these have been removed by a more accurate examination of the pleadings; and upon the whole I consider this declaration, however informal, loose and prolix, as containing sufficient to enable us to enter a judgment upon it; and this must be for the plaintiff, according to the verdict.

SEDGWICK, J.   Two causes are shown for arresting the judgment in this case.   1. It is said that the declaration is substantially defective.   2. That the cause of action, on which this was brought, is not assignable under the bankrupt law.   The case is exceeding clear on both points.   As to the *first,* the declaration alleges, in substance, that the bankrupt delivered the execution, in the first instance, to *Sevey,* a deputy of the sheriff, and that it was afterwards delivered over to *Kean,* another deputy; and upon the latter the nonfeazance complained of is directly charged.   This charge, by the pleadings, is directly put in issue, and affirmed by the verdict of the jury.   So that it is apparent from the record that there has been a default in the performance of the office of sheriff, by which an injury has been sustained, and for which damages are assessed.   Now every thing that is alleged as to the execution passing through the hands of *Sevey,* is wholly insignificant and unnecessary—mere surplusage.   Let the mind then strike out every thing which is said of *Sevey,* and the charge against the sheriff is well alleged, and supported by the verdict.

The second question is equally clear.   The bankrupt law has two main objects—to enable the creditors of the bankrupt to participate equally, in proportion to their demands, in the estate of the bankrupt; and to discharge him from all debts which can be proved under the commission.   As it is intended to operate a discharge to *him,* it is but equitable that his whole estate * should be applied to *their* benefit.   Hence, by an act of bankruptcy, from the moment it is committed, he is divested of all his "estate and effects," whether existing in possession or right of action, which "estate and effects" vest, at the very same point of time, by retrospection, in the first instance in the commissioners, and afterwards, by their assignment, in the assignee.   To this in the most extensive sense there is no exception.   And so equitable and extensive is the operation of this principle, that a debt or chose in action due to the wife, (*a*) and an obligation taken in the name of another for the use of the bankrupt, are assignable. (*b*)   The words of the statute in the 6th and 13th sections are quite adequate to these purposes.   It is true that there are certain causes of action which are not assignable; but these are merely personal; where the

[ * 516 ]

---

(*a*) *P. W.* 249.   *Ibid.* 460.                     (*b*) *Palm.* 505.

action is of the vindictive nature—as for assault and battery, slander, &c. So commissioners cannot assign future earnings, arising from the bankrupt's labor—this is altogether personal. But in this case, the action is brought to obtain the benefit of a judgment, in favor of the bankrupt, which has been lost, or at least, suspended, by the misconduct of the sheriff; and it would be monstrous to say, the general policy of the bankrupt law considered that such an action cannot be supported.

After SEDGWICK and SEWALL, justices, had delivered their opinions, THACHER, J., said he had supposed the objection to the declaration had been abandoned; but that he perfectly concurred with the other judges, in the opinion that the declaration was sufficient, after a verdict.

*Judgment for the plaintiff.*