## CHURCHILL *vs.* PRESCOTT

*In the matter of the Estate of* JAMES S. PRESCOTT, *deceased.*

THE administrator having taken out letters on the citation of the next of kin, and at their instance having been called to account. *Held,* that a decree of the proper tribunal in the place of the intestate's domicil and of the principal administration, was conclusive upon all parties thereto, in respect to assets then realized or claims against the administrator which might then have been adjudicated.

The place of domicil is the place of the principal administration, and other administrations are merely ancillary. The law of the place of ancillary administration governs as to the payment of debts there, but the distribution among the next of kin or legatees is made according to the *lex domicilii.* A decree against the primary administrator at an intestate's domicil is conclusive upon the subsidiary administrator.

The proper time for presenting and determining a claim against the administrator for an alleged individual debt due by him to his intestate, is on the final accounting, and he may be charged for such debt wherever he has administered, notwithstanding he resides in another jurisdiction, unless the rights of creditors in the place of his residence require protection.

G. C. & E. GENET, *for Petitioners.*

I. The intestate, in his lifetime, advanced his brother Henry, the administrator, by way of loan, the sum of one thousand dollars. It appears that Henry resided in the city of New

York up to and at the time of the death of the intestate—and therefore the debt was and is assets within the jurisdiction of this court, and of no other court. The creditors resident here have an interest in it, and it cannot be sent abroad. (*Moth-land* vs. *Wireman*, 3 *Penn. R.*, 185.) The creditors and distributees resident within the country, have rights to which the administration is subservient. (2 *Kent's Com.*, *p.* 434, note; *Story's Conflict of Laws*, § 423; *Goodall* vs. *Marshall*, 11 *N. H. Rep.*, 88; *Ordronaux* vs. *Helie*, 3 *Sand. Ch. R.*, 512; *Slatter* vs. *Carroll*, 2 *Sand. Ch. R.*, 573.)

II. The administrator sets up that administration was taken out in Rockingham County, State of New Hampshire, and that was the place of the domicil of the intestate at the time of his death, and that he had been appointed administrator there, and had rendered an account of his administration there. It was denied that the domicil of the intestate was in Rockingham County, N. H., and no proof was offered to show that it was; and it was not pretended that this sum was accounted for there. Since the assets were here, and creditors and distributees here had a right in them, would it have discharged the administrator if he had taken these assets to New Hampshire and accounted for them? It might have been cut off by a short statute of limitation there, and to make such a defence good here, he must show that he distributed this amount there, with the other assets. (*Cases cited above.*) Neither does it appear by what authority the Probate Court of New Hampshire took jurisdiction of the matter, and therefore it does not appear how the administrator can take advantage of an account having been settled there. Moreover, it is stipulated between counsel, and the stipulation filed, that it is admitted that the administrator did not account for or distribute this $1000 in that accounting.

III. This, therefore, is as much of a primary administration as the administration taken out in Rockingham County, and the Surrogate has full power to compel payment and distribution.

If it should be considered only as ancillary, then why has not this court the same right to award justice as the Supreme court in equity, since its jurisdiction in these cases is concurrent where they both have jurisdiction,—and the late court of Chancery has laid the rule down so clearly in the case of *McNamara* vs. *Dwyer*, 7 *Paige's Ch. Rep.*, 239, in such a case as this, that it can no longer be questioned. That was a case where a foreign executor or administrator had brought assets into the state, and the court decided that it had jurisdiction to compel him to account for the trust fund which he had received abroad, and brought with him into this state, without taking out letters of administration here, since he might have the full benefit of the administration of the estate abroad.

The taking out of letters of administration is, therefore, only material as giving this Court jurisdiction over the collection and distribution. But this is a stronger case, even, than that. Here the assets were in the jurisdiction of this Court originally, and if they were ever taken out were brought back and are now here, and therefore must be considered as having always been here.

IV. Two years ago the petitioners applied to this Court for administration, with a view to collecting this very claim. Then the administrator, Henry W. Prescott, came in and took it from them—otherwise they could have had his liability settled in a more direct manner, perhaps, by a suit at law. His object was to annoy and deter them, and to say nothing of the impropriety of his taking the administration into his own hands when the claim against him was its principal object; his evident wish to postpone the matter is a very strong proof of his own consciousness of liability to the estate.

GEORGE BARSTOW, *for the Administrator.*

I. The sum advanced by the intestate to the administrator was a gift and not a loan. But this whole matter was settled in Portsmouth, New Hamphire, where the deceased resided

and had his domicil.   Account was there made and approved, the shares were distributed, and approval was signified by these petitioners under their hands, as the proceedings on file duly certified show.   This is final and conclusive.

II. The proofs in the cause establish that the petitioners were aware of this claim at the time the administrator's accounts were settled in New Hampshire.   They should have set up this demand there if it was just; and having failed to do so, they cannot now bring it up in the place of ancillary administration.

III. In the probate proceedings in New Hampshire, the deceased is described as " of Portsmouth," and if this satisfies the Surrogate that he was domiciled there, that administration is conclusive.   The petitioners were duly notified to attend the settlement of the accounts at that place, they made no objection at that time, but signed a receipt and discharge, whereby they are debarred from setting up any further claim.

THE SURROGATE.—The administrator, a brother of the intestate, was cited by the husband of his sister on the application for administration, and on his preferring to take the letters rather than have them issued to the applicant, his right to administration was contested on the ground that he was indebted to the intestate.   (2 *Bradford's Rep.*, 304.)   He denied the indebtedness, and I refused to hear a litigation on that point, the debt being positively sworn to by the applicant.   Eighteen months having elapsed, the administrator has been called to account, and his sister and mother now endeavor to charge him as a debtor to the intestate.   They show that the decedent made him advances, and produce a letter of the administrator indicating that the advances were treated by him as a loan.

The administrator alleges in defence that similar advances were made by the intestate to the other next of kin, that he

administered on the estate of his deceased brother, at Portsmouth, in the County of Rockingham and State of New Hampshire, and that his accounts were there finally adjusted, allowed and settled, before this proceeding was instituted in New York. The petition of the next of kin, praying for administration in New Hampshire, represents "that said James S. Prescott, late of said Portsmouth, has lately deceased intestate, and at the time of his death having property in said county, and leaving no widow or children, and no heirs at law of said deceased, except your petitioners, and they pray that Henry W. Prescott may be appointed administrator of said estate." The order for administration and the letters of administration describe the intestate as "James S. Prescott, late of Portsmouth." The settlement of the accounts of the administrator was had before the Court of Probate at Portsmouth, on the 14th day of September, 1852, and over $17,000 were distributed among the next of kin. The decree of the court recites that notice was "given to all parties interested therein, by a citation issued for that purpose and served according to order of court," and concludes by stating that "all parties interested therein agreeing thereto, it is decreed that said account be allowed." The record certified to me also contains the following acknowledgment, signed by the parties: "We, the undersigned, heirs at law of James S. Prescott, late of Portsmouth, deceased, do hereby acknowledge that we have seen and examined the foreging account, and that we are satisfied that the same is correct, and we do hereby acknowledge that we have received the sums charged as having been paid to us, and we do hereby request the Judge of Probate to pass and allow and settle said account." The petition for administration in the county of New York, which was signed by Gustavus V. Churchill, the husband of a sister of the decedent, states that the intestate was not an inhabitant of this county, but of Portsmouth, New Hampshire. It was on this application the administrator took out letters here, though denying at the same time that there were any assets in this county.

The proceedings before me and before the Probate Court in New Hampshire, show the intestate was domiciled in that state. The principal administration was in the place of his domicil, and the administration in New York was merely ancillary. (*Heydock's Appeal*, 7 *N. Hamp. R.*, 496; *Childress* vs. *Bennett*, 10 *Alaba.*, 751; *Ordronaux* vs. *Helie*, 3 *Sandf. C. R.*, 512.) The law of the place of ancillary administration governs as to the payment of debts there, but the distribution among the next of kin or legatees, is made according to the *lex domicilii*. (11 *N. Hamp. R.*, 88.) A decree against the primary administrator at an intestate's domicil in a foreign country is conclusive upon the subsidiary administrator. (*Suarez* vs. *Mayor of N. Y.*, 2 *Sandf. C. R.*, 173.) By the law of New Hampshire the decision of the Court of Probate as to matters within its jurisdiction, unless appealed from, is conclusive. In *Bryant* vs. *Allen*, 6 *New Hampshire R.*, 116, a case in accounting, the court, in relation to a decree of the Probate Judge, say, "if this decree be permitted to stand, the appellant will be forever concluded by it." The proper time for determining a claim against the administrator for an alleged individual debt due by him to his intestate, is on the final accounting. (*Judge of Probate* vs. *Briggs*, 5 *N. Hamp. R.*, 66.) It is true that debts due the deceased are assets where the debtors reside. But if the debtor go into another jurisdiction where an administrator has been appointed, he may be sued there. (*Shultz* vs. *Pulver*, 3 *Paige*, 182.) And if the debtor be himself the administrator, whatever be the jurisdiction, he may be made liable there on the accounting, for the debt he owed the intestate. If he should set up that in the place of his residence there were creditors to satisfy, the court would look after their rights, but if there were no creditors, his own debt would be the subject of accounting in the place of administration. I think it was entirely competent for the Probate Court in New Hampshire to decree the payment of any debt due by Prescott, the administrator, to his deceased brother, if he owed anything— and as that was the place of principal administration, I am

of opinion the next of kin should have set up the claim on that accounting. The administrator alleges that the intestate made similar advances to his mother and sisters, and if so, they might have been investigated at the time of distribution. Whether a charge could have been sustained against them or not, it is useless now to inquire; but it is obvious that in the belief that the settlement in New Hampshire was final and conclusive, the parties may have been satisfied mutually to waive their rights growing out of all advances made by the decedent. The decree in New Hampshire has not only the force of a judgment of a court of competent jurisdiction in the place of domicil, but also the actual ratification of the parties in interest, and was entered at their request. If they had any further claim against the administrator, there was the place and that was the time to urge it, and having failed to do so, they are forever barred. Had the claim then been presented, it might have changed the course and conduct of the administrator; at any rate it cannot be permitted for parties acquiescing in a settlement under certain circumstances, to lie by with a demand they do not intend to assert until after settlement and distribution. There is no excuse for such a course, and if there were, it should be laid before the court in New Hampshire, on an application to open that decree. It is quite sufficient to plead the decree in the place of the decedent's domicil as a full and conclusive settlement of the administrator's liability for any cause whatever then existing. The sentence, therefore, must be that the administrator has not been in assets in this jurisdiction, and has fully accounted in the place of domicil.