WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—July, 1885.

BURKHALTER *v.* NORTON.

*In the matter of the judicial settlement of the account of* JOHN NORTON, *as administrator of the estate of* MARY D. HOYT, *deceased.*

The Surrogate's court is the only forum where even the question of the individual liability of a sole administrator, upon an alleged indebtedness to the intestate, can be determined.

One N., who was indebted to decedent, at the time of his death, in the amount of a promissory note for $222.50, and interest, was appointed administrator of his estate, and omitted this item of indebtedness from the inventory and from the account filed by him as such administrator. Upon a judicial settlement, certain creditors objecting to the omission, it appeared that the debt had not been discharged, and that N. was totally insolvent.—

*Held,* that the administrator stood in the same position as any other debtor; that the amount of the claim should be added to the sum of the inventory; and that, in case he subsequently became possessed of means, he might be compelled to account for, and pay over the amount, in the same manner as if he had, after an accounting, recovered, from a third person, a doubtful claim, for which he had received credit thereupon.

ON the accounting in this matter, it appeared that the assets of the intestate were insufficient to pay her debts. Some of the creditors objected that the administrator had omitted, from the inventory and from the account, the amount of a promissory note for

$222.50, which the deceased held against the administrator, together with interest thereon. The latter alleged that the note had been paid by him to the deceased, during her life time. The question thus raised was tried, and, upon the proofs taken, it was determined that the administrator was indebted, in the amount of the note, to the deceased, at the time of her death. It was proved, during the controversy, that the administrator was a man of no pecuniary means, and was unable to pay anything.

FRANCIS LARKIN, *for administrator.*

RALPH E. PRIME, *for Stephen Burkhalter and others, creditors.*

THE SURROGATE.—It appears to be an undisputed fact that the administrator was and is insolvent, and that the debt established against him is uncollectible. It is, therefore, claimed on his behalf that, although his indebtedness is established, yet he should be credited with the amount thereof, as in the case of any other uncollected and uncollectible claim. To prove his inability to collect it by legal process was impossible, as he could not sue himself, and this is the only forum where even the question of his liability could be determined (Churchill v. Prescott, 3 *Bradf.,* 233). He now stands in the same position as any other debtor to the deceased, the amount of whose indebtedness was omitted from the inventory, and his liability therefor, as administrator, is to be determined in the same manner. The amount of the claim should be added to the sum of the inventory, and then the same, if the debtor proved to be insolvent, should be credited to the administrator.

The administrator stands, too, in the same position as any other debtor, in this respect. Should he become possessed of means to pay his indebtedness, he may be compelled, by the parties in interest, to account for, and pay over the amount thereof, in the same manner as if he had, after an accounting, recovered a doubtful claim from a third person, for which he had received credit on such accounting.

The decree will be entered in accordance with these views. ·