BUTLER *et al. v.* GREEN *et al.*

*(Supreme Court, Special Term, New York County.* November, 1891.)

1. DEVISE FOR CHARITABLE USES—INDEFINITENESS.
    A devise or bequest in trust for such charitable uses as the majority of the executors and trustees may select and appoint is void because of the indefiniteness of the beneficiaries.

2. WILLS—BEQUEST TO NEEDY HEIRS.
    For the same reason, a direction in a will that the executors and trustees shall apply a share of the income of a trust fund for the use of any and all of testator's heirs whom they may deem in need, or worthy of and entitled to receive the same, is void.

3. SAME—VOID DEVISE VALID IN ANOTHER STATE.
    Where a will executed and probated in New York gives in trust for charitable uses land situated in another state, and the devise is void for indefiniteness under the laws of New York, but is valid under the laws of the state in which the land is situated, the land will be governed by the laws of the latter state, as will also the proceeds of a sale thereof brought into New York, if they retain the character of realty; but if the land has been converted into personalty under the powers conferred by the will, and is to be distributed as such, it will be subject to distribution as intestate estate under the laws of New York.

4. SAME—REALTY AND PERSONALTY.
    A will executed and probated in New York gave realty and personalty situated in New York and in other states to trustees, with power to collect the rents and profits, to sell the land in their discretion, and to reinvest the proceeds or not, as they might deem advisable, and directed that they should once a year apply and pay over all such rents and income, "and all net proceeds of sales made pursuant to the authority hereinabove granted, which they shall not deem advisable to reinvest," and which might be available from time to time, "for distribution among the legatees," to the persons and in the proportions stated in the will. On the expiration of the trust the unsold or undistributed property was given absolutely to the beneficiaries. *Held,* that where the land in a state other than New York has been sold and the proceeds brought into New York with the intention of reinvesting them, such proceeds retain the character of realty, and the law of the state in which the land was situated governs their disposition under the will; but, where the trustees have decided not to reinvest them, such proceeds must be regarded as personalty, subject to disposition under the laws of New York.

Action by Emily O. Butler and others against Andrew H. Green and others, executors and trustees under the will of William B. Ogden, deceased, to have declared void certain provisions of said will, and to compel distribution. *Wm. Allen Butler* and *Willard Parker Butler,* for plaintiffs. *Daniel G. Rollins* and *Mornay Williams,* for executors and trustees. *F. J. Stimson, Wilmot T. Cox, Henry A. James, Wm. F. Whitehouse,* and *Henry E. Howland,* for other defendants.

PATTERSON, J. William B. Ogden, a resident of the city of New York, died in the month of August, 1877, possessed of a large amount of personal property, and seised of real estate of great value, some of which was situate in the state of New York, and some in the states of Illinois and New Jersey. He left a last will and testament, which was duly admitted to probate by the surrogate of the city and county of New York, and in and by such last will the defendants Green, Sheldon, Strong, William O. Wheeler, and Marianna R. Ogden were appointed executors and trustees, and they have duly qualified and acted as such, and partially accounted to the surrogate aforesaid for their acts as such executors. Mr. Ogden left a widow, but no children, or issue of children, him surviving, and all persons who would be entitled to share in his estate, had he died intestate, have been made parties to this action, which is brought with a view to have declared void by judicial decree certain provisions of the will, whereby an attempt has been made by the testator to create a trust and make gifts to charities, and also to compel the trustees to account for and make distribution among some of the parties of a fund now within the jurisdiction of this court, such distribution being sought on the theory that, in consequence of the alleged invalidity of the trust clauses re-

ferred to, intestacy exists as to such fund. A claim is also made in the complaint against the executors and trustees for restitution of moneys already applied by them under the authority of the will to several charitable institutions, but that claim has been withdrawn and abandoned by all the parties in interest.

By the terms of his will, the testator created a trust of real and personal estate, to continue during the lives of his widow and Mr. Sheldon, and, coupled with the trust title or estate, is conferred a power of sale of the realty. The general provisions of the will material to the present issues are as follows: Except as relates to specific bequests and devises, the testator left all the estate to the executors and trustees in trust, to sell from time to time, in their discretion, such parts of the same as they, or a majority of them, may deem advisable, and to distribute the proceeds as directed; to manage and care for and administer the lands; to collect the rents, issues, and profits thereof during the two lives upon which the trust term is limited, and, after deducting necessary expenses, to apply such rents and profits to the uses and in the proportions named in the will; to pay taxes and assessments on the land; to pay and discharge both the principal and interest of mortgages, and to renew existing or to make new mortgages, and to execute and deliver bonds as executors, etc., if loans are obtained on mortgage security; to improve and develop a part of the realty (on certain conditions of consent of the widow) by constructing roads, docks, wharves, bridges, canals, etc.; to lease the realty for periods of not more than 21 years; to invest and reinvest all proceeds arising from the sale of lands in securities of a designated character; and the trustees are required to consider all the testator's property as divided into 20 shares, and from time to time, and at least once in each year, "to apply and pay over all such rents, issues, profits, and income, and all net proceeds of sales made pursuant to the authority hereinabove granted, which they shall not deem advisable to reinvest, and which may be available from time to time for distribution among legatees, to the persons and in the proportions" in the will stated. After directions for distribution of $18\frac{1}{2}$ of the 20 shares, or thirty-seven fortieths of the fund to be created in the manner indicated and during the continuance of the trust, the following provision is made as to the remaining three-fortieths, it being subdivision 3, § 3, to-wit: "To such charitable uses as I shall hereafter designate without the solemnity of a will, or, in default of such designation, as a majority of my said executors and trustees may select and appoint, the remaining one and a half shares, or seven and one-half per centum of said income and distributable moneys. But in this connection I authorize and empower my said executors and trustees, in their own discretion, and not otherwise, to apply not exceeding the said one-half share at any time, or from time to time, in case and so long as it may not have been applied to such charitable uses, to the use of all or any of my heirs whom they may deem in need or worthy of and entitled to receive the same." On the expiration of the trust-estate the unsold and undistributed property is to be disposed of in accordance with the sixth clause of the will, which provides as follows: "I give, devise, and bequeath all and singular the real and personal estate of which my said executors and trustees shall heretofore have received the rents, issues, and profits, and all the rest, residue, and remainder of my property and estate, whatsoever and wheresoever, not otherwise specifically devised or bequeathed, in, to, and among the beneficiaries under the trusts created by this will, in such manner that the parties theretofore receiving the income only shall receive and become vested with the estate and property out of which such income arose in the same relative shares and proportions in which they were entitled to said income." Then follows the designation of the persons to whom and the proportions in which the ultimate ownership is to vest, and the eighth subdivision of the sixth clause thus provides: "To such charitable uses and

trusts as I shall have in life, but without the solemnity of a will, designated in writing signed by me, or, in default of such designation by me, as my said executors and trustees shall have appointed, to receive and hold the same, and to such of my heirs, if any, as my said executors shall have designated in regard to the receipt of income from not exceeding one-half share, in the proportions fixed by my said executors, one and one-half shares, or an equal undivided three-fortieths of my said estate." No designation was made by the testator of recipients of his intended charitable gifts. The executors and trustees have reserved a large sum of money, consisting in great part of the proceeds of the sales of land in Illinois and New Jersey, which they have elected not to reinvest, but which they claim the right to distribute and dispose of under the eighth subdivision of section 3 of the will, and the present contest relates to the validity of the trusts on which this fund now devoted by the trustees to charitable uses and on deposit in the city of New York is held by them.

If the trusts for and gifts to charity contained in this will are governed by the law of the state of New York, their invalidity cannot be doubted. They are not distinguishable in principle from those condemned in *Prichard* v. *Thompson*, 95 N. Y. 76, and *Holland* v. *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305. It is conceded, however, that this is analogous to those trusts in which, if there are valid parts, they may be cut off from those that are void. Therefore so much of the fund as has been reserved by the trustees for charitable uses or for indigent or worthy heirs, and has arisen from the sale of lands in New York, or constitutes part of the testator's personal estate, passes under the law of this state in the same manner as if no testamentary disposition had been made of it. The trust for worthy indigent heirs is open to the same objection as that which invalidates the charitable clauses. Whether the law of this state applies to the proceeds of the sales of lands in Illinois and New Jersey depends upon the legal character attached to such proceeds. If they are personalty, they also must be distributed in accordance with the provisions of the statutes of this state relating to intestacy. If they are still impressed with the character of land, the courts of this state should decline to make a decree concerning them, for we will not undertake to pronounce upon a trust of lands in other states; it being settled that whether a trust created by a will as to realty situated in another state is valid or not can only be decided by the courts of that state. *Knox* v. *Jones*, 47 N. Y. 389. When, therefore, a fund resulting from a sale of lands in another state is still impressed with the character of realty, but is brought inadvertently or accidentally into this jurisdiction, I apprehend our courts of equity will not undertake to distribute it under our statutes, or create new and different rights and ownerships in and of it than those pertaining to it as realty, and will at least refuse to meddle with it, and will permit its return to that jurisdiction in which it originated, so that its due administration may be there provided for. There is nothing in the public policy of this state adverse to such a course. The trust is not created for a purpose prohibited by our law. Gifts to charity, even when made in the form of that contained in this will, are not condemned because of any inherent unlawfulness of purpose. It is incompleteness and uncertainty that render them void. The defect is the want of a beneficiary who can enforce the trust, and that results only from the consideration that the system which prevailed in England, and still prevails in Illinois and New Jersey, and which makes a distinction between charitable and other trusts with respect to the requirement of an ascertained or ascertainable beneficiary, has no place in the jurisprudence of this state. *Holland* v. *Alcock, supra*. The validity of devises of land must necessarily be determined by the *lex loci rei sitæ*, and the same rule should be applied to moneys standing in the place, still retaining the character and stamped with the legal quality of land. It is fully established that the gifts to charity in Mr. Ogden's will are valid in Illinois and

New Jersey, and unless the true interpretation of this will requires that the proceeds of the sale of such lands must be considered as nothing but personalty we should decline to distribute them. But, on a careful study of the whole scope of Mr. Ogden's will, I am of the opinion that so far as the fund now in the trust company, and held by the trustees for distribution, is concerned, it must be regarded as personal property. This does not result from an out and out equitable conversion of the estate into personalty. The scheme of the will does not evince that the testator intended all his property to be divided as personal estate. There is no absolute direction that the lands or any part of them be sold, nor is it necessary to the full accomplishment of the purposes and intent of the testator that such a direction should be implied or inferred. The power of sale is discretionary, not merely as to time and mode, but as to the fact of a sale, and this is so distinctly emphasized that it is left to a majority of the executors and trustees to say whether a sale shall be made or not. In this, as in all similar cases, the intention of the testator must prevail, and precedents are of no use whatever except as illustrations of the methods adopted by the courts to ascertain intention. Here the testator evidently meant that if, during the continuance of the trust term, the trustees should deem it proper to make sales of the lands, they might do so. It was for them to decide. Mr. Ogden clearly contemplated that the discretionary power might never be exercised; that none of the lands might be sold; and it is plain that the gifts over of the real and personal property are not by way of a mere disposition of residuary estate, but are of the *corpus* of the trust-estate *in specie*, out of which rents, profits, and income and invested proceeds of lands may have arisen. But the scheme of the will includes, as one of its most prominent features, a direction, carefully conceived and plainly stated, for the disposition of the proceeds of sales under the discretionary power granted to the trustees. The testator contemplated and provided for two sets of circumstances with reference to such proceeds. The instrument was evidently drawn with great care. Each word is suited to the intended purpose, with that precision in the use of apt and technical language which marks the handiwork of the instructed and experienced draughtsman, and even the defect in this will relates to matter as to which, until recently, the legal profession was divided in opinion. The purpose of Mr. Ogden was to constitute a trust within lawful limitations of duration, and to provide first for the disposition of income, and then for that of the *corpus* of the trust-estate. But a large part of his property consisted of lands so situated as to make it doubtful whether they should be retained until the end of the trust term or sold pending the trust. Hence this discretionary power was conferred, and, if exercised, the direction is given to the trustees either to reinvest the proceeds and hold them thus reinvested on the same trust as that upon which the land itself would have been held, or, if not reinvested, then to distribute such proceeds as money in specified proportions to designated persons and to the undesignated charitable uses. There is nothing invalid in this direction, except the provisions as to charity. The power is given either to return the proceeds into the trust-estate, or distribute them, by way of anticipation, among the same persons who would eventually take the reinvested proceeds, and no one would doubt the validity of such a power. But they are to be distributed as personalty. The several provisions of the will relating to this subject are the following: In the first subdivision of the second clause, in connection with the power to sell, the direction is given "to distribute" the proceeds of sales; by the fourth subdivision of the same clause the executors and trustees, or a majority of them, are authorized and empowered "to invest and reinvest any moneys arising from sales of any of my said devised and bequeathed property in bonds, etc., subject, however, to the same limitations of estate, and upon the same trusts, as the property so sold was held by said trustees." The power to retain the proceeds of sales as reinvested capital is thus distinctly given,

but, if the reinvestments are not made, the trustees must apply and pay over "all net proceeds of sales made pursuant to the authority hereinbefore granted which they shall not deem advisable to reinvest, and which may be available from time to time for distribution to legatees, to the persons and in the proportion stated." The portion to be given to each is of "distributable moneys." The testator uses words technically descriptive of the method of effecting the gifts, the character in which the recipients are to take, and the quality of that which is given them. The fund now held by the executors which has not been reinvested, but which they hold as distributable moneys, must be deemed to be personal property, made so by the express will of the testator, and such parts of it as cannot be given to charitable uses must go to his next of kin. All reinvested proceeds of sales of realty must be regarded as land. That appears to be the intention of the testator. He has merely given such reinvested proceeds to the same persons at the expiration of the trust and in the same proportions as if the lands had not been sold, and the proceeds, being bound to the same trust as the lands out of the sale of which they arose, will be regarded as land. *Holland* v. *Cruft*, 3 Gray, 162; *In re McComb*, 117 N. Y. 378, 22 N. E. Rep. 1070.

The following conclusions are to be drawn from the foregoing considerations: (1) The trust for charity of the personal estate and of the lands situate in New York, and the provisions of the will relating to gifts to charity of the proceeds of the sales of lands, wheresoever such lands are situate, and which proceeds are now held by the trustees for distribution, are void, and so much of the fund now in the hands of the trustees as is reserved by them for charitable purposes, or for indigent and worthy heirs, is now distributable among those persons who would be entitled thereto had the testator died intestate. (2) Reinvested proceeds of sales of lands in Illinois and New Jersey are to be regarded as still retaining the legal character of land, and this court should not make distribution thereof, or make a decree respecting the validity or enforceability of the trust for or gifts to charity of the real estate of the testator situated in other states.