In the Matter of the Accounting of the Executors of ANN
BOLTON, Deceased.

HENRY B. BOLTON et al., as Executors, etc., Respondents, *v.*
SARAH L. MYERS et al., Appellants.

By the will of B. the executors were empowered to sell any and all of his
real estate when in their judgment they might deem it for the best inter-
ests of the estate. The executors sold the real estate; they paid, in dis-
charge of the testator's debts, a sum in excess of that realized from the
personalty. In proceedings for a final accounting by the executors,
*held*, that before distributing the proceeds of the sale among the residu-
ary devisees, they were entitled to reimburse themselves therefrom for
the sum so paid in excess of the personalty, and were entitled to a
credit for that sum, and this, without regard to the question as to
whether the power of sale was given for the purpose of paying debts.

(Argued April 16, 1895; decided May 21, 1895.)

APPEAL from judgment of the General Term of the
Supreme Court in the second judicial department, entered
upon an order made December 10, 1894, which reversed a
judgment entered upon a decree of the surrogate of West-
chester county settling the accounts of the executors of Ann
Bolton, deceased.

The facts, so far as material, are stated in the opinion.

*James R. Marvin* for appellants. The executors claim
that they have used the proceeds of the last sale in paying the
debts of Ann Bolton. This they had no right to do. The
will of decedent does not charge the payment of her debts
upon the realty, nor does it direct or authorize a sale of the
realty for the payment of debts. That being the case, the
only manner in which the realty could be applied to the pay-
ment of debts was by a proceeding for its sale, for payment
of debts under the statute for that purpose, and that proceed-
ing must have been taken within three years after the issuing
of letters testamentary. (Code Civ. Pro. § 2750; *Parkinson*
v. *Jacobson*, 18 Hun, 353; *Slocum* v. *English*, 62 N. Y. 494;
*Platt* v. *Platt*, 105 id. 497; *Rogers* v. *Patterson*, 29 N. Y.

Supp. 963; *In re McComb*, 117 N. Y. 378; 50 id. 431; 36 id. 581; 116 id. 144; 42 id. 531; 110 id. 159; 4 Hill, 50; *Bevan* v. *Cooper*, 72 id. 317.) A power to an executor to sell real estate as he shall deem expedient and for the best interest, etc., is a general power in trust in which the executor has no interest. (*Russell* v. *Russell*, 56 N. Y. 581.) The services of Thain and Salter rendered on the former accounting were adjusted and allowed at the statutory rates by the former decree. The surrogate has no power to go behind that decree and make an additional allowance for that proceeding in this proceeding. (*Reed* v. *Reed*, 52 N. Y. 652; 1 Dem. 103.)

*Alex Thain* for respondents. The appellants are estopped from changing their position to the prejudice of the executors. (Bigelow on Est. 717; 2 Herman on Est. § 733 *et seq.*; 7 Am. & Eng. Ency. of Law, 32, § 6; *Garnar* v. *Bird*, 57 Barb. 277.) The power of sale in the will was not only valid, but its exercise probably not even discretionary, and imposed an imperative duty upon the executors to sell the real estate. (*In re Gantert*, 136 N. Y. 106; *Cahill* v. *Russell*, 140 id. 402; Code Civ. Pro. § 2759.) By every principle of equity the executors, having acted in good faith, are to be protected from loss in seeking to carry out the trusts imposed upon them. (2 Wait's Act. & Def. 163.) It is not necessary that the proceedings be remitted to the surrogate. (Code Civ. Pro. §§ 1347, 2586, 2587.)

O'BRIEN, J. In this proceeding it was held by the learned surrogate that the executors were not entitled to reimburse themselves out of the proceeds of the sale of real estate in their hands for the amount paid by them in discharge of the debts of the testatrix over and above the sum realized for that purpose from the personal estate. The testatrix died September 27, 1882, and letters were granted to the executors in November following. In November, 1892, the executors accounted and by the decree then entered it was adjudged that

the estate was indebted to them on account of debts of the testatrix paid by them in default of personal assets in the sum of about $4,000.

Subsequently there came to the hands of the executors a large sum received from the sale of certain real estate of the deceased, and the present accounting was in regard to that fund, and the executors claim that they should be allowed to retain sufficient of it to pay the debt due to them from the estate.

The provisions of the will are as follows: After paying debts a bequest of certain household furniture to her daughter. Then a devise to her son of the house in which he lived. The executors were directed to invest $1,500, the interest upon which was to be paid to a church, and to expend a reasonable sum in erecting a monument and putting the family cemetery in order. Then follows the power of sale in the following terms: " And I also give power and authority to my executors to sell any and all of my real estate, either at public or private sale, whenever in their judgment they may deem it for the best interest of my estate, and to give good and sufficient deed or deeds of conveyance for the same."

The residue of the estate was then bequeathed to her children. In the courts below the right of the executors to enforce their claim in this proceeding is made to depend upon the scope and character of this power. It has been assumed in both courts that unless this can be regarded as a power to the executors to sell real estate for the payment of debts, then the proceeds of the sale must still be regarded as real estate, and distributed to the devisees or persons who take the real estate under the will.

The learned General Term, reversing the surrogate, was of the opinion that it should be treated as a power of sale for the purpose of paying debts, upon the doctrine of the *Gantert* case (136 N. Y. 109). If it was necessary to establish that proposition there would be great difficulty in sustaining the judgment. But we think it is not material to determine the character of the power.

It was certainly a general power, and conferred authority upon the executors to convey the land and receive the proceeds. That power has been actually executed. They have conveyed the land, have received the purchase price, and the same is in their hands. There is no other way in which creditors can now reach the land except by proceedings for an accounting. The realty has in fact been converted into personalty, and is in the hands of the executors for all purposes of administration. Before distributing this fund to the residuary devisees they may pay the balance of the testator's debts, or what is the same thing, reimburse themselves for the debts they have paid in excess of the personal estate that came to their hands. (*Erwin* v. *Loper*, 43 N. Y. 521; *Hood* v. *Hood*, 85 id. 561; *Glacius* v. *Fogel*, 88 id. 434; *Matter of Powers*, 124 id. 361; *Matter of Gantert*, 136 id. 109; *Cahill* v. *Russell*, 140 id. 402.)

In this view we think the judgment of the General Term was right, and should be affirmed, with costs.

All concur.

Judgment affirmed.