1. ADMINISTRATION—SALE OF REALTY—RIGHTS OF CREDITORS.

    Where a will provides that the realty of testator shall be sold to satisfy legacies given under the will, and the sale has been made, as the remedy of the creditors against the land has been cut off, the proceeds are applicable to the debts.

2. SAME—ACCOUNTING.

    Where a testator owned lands in a foreign state, and ordered his resident executors to take out letters in such foreign state to sell the land, they must account in the state for the proceeds to creditors of the testator.

In the matter of the judicial settlement of the executors of the estate of Stewart Newell, deceased. Objections to the report of the referee. Sustained.

Milo J. White, for executors.

Holm & Smith, for contestant.

THOMAS, S. The learned referee correctly determined that, by the terms of the will of this testator, there was an implied and imperative power of sale respecting the Texas land, and an equitable conversion thereof, and that the intent of the testator was that this conversion should benefit the legatees named by him, and that he did not direct that any of his debts should be paid from the proceeds of the sale of this real estate. It may even be assumed that his wish was that no benefit should accrue to his creditors. The power of sale was exercised, and a sum of money was received by the executors, and the question presented is as to whether the objecting creditor, whose claim, established by judgment, exceeds the entire fund, has any rights in it. It is a general rule that where a testator directs his real property to be sold and converted into money, for the purpose of division among legatees, the land is, in equity, to be treated for all purposes of administration as if it were personalty, and the proceeds of its sale became assets from which debts must be paid. Fraser v. Trustees, 124 N. Y. 479, 26 N. E. 1034; Hood v. Hood, 85 N. Y. 561; Stagg v. Jackson, 1 N. Y. 206; Fisher v. Banta, 66 N. Y. 468; Meehan v. Brennan, 16 App. Div. 395, 45 N. Y. Supp. 57. The imperative character of the power, and the full equitable conversion of the land into personalty, has not always been deemed necessary in order to make the proceeds of land sold by executors assets for the payment of debts. If the power to sell is general, either for the general purposes of the estate, or for the purpose of paying legacies in case of a deficiency of personalty applicable to that purpose, and a sale has actually been made, the proceeds are assets for the payment of debts, since the remedy of creditors against the land has thereby been destroyed. In re Bolton, 146 N. Y. 257, 40 N. E. 737; Cahill v. Russell, 140 N. Y. 402, 35 N. E. 664. The decision of the court of appeals in Re McComb, 117 N. Y. 378, 22 N. E. 1070, does not, in any degree, conflict with this proposition. In

that case the power to sell was for the benefit, not of legatees, but of devisees, and was exercised as to a parcel of land devised to one person, while other parcels of land devised to others remain unsold. The effort of the creditor was to obtain full payment of his debt out of the proceeds of land which was equitably chargeable with only a part of it, and the proceeding was not one in which justice could be done as to all interests. It was held that the proceeds of the sale were still equitably real estate, and that the remedy of the creditor should be sought in a proceeding to sell the land of the testator, in which proceeding all of the devisees could be heard. It is to be borne in mind that no question is here involved as to whether the power of sale is one "for the payment of debts," so as to defeat an attempt by a creditor under our statute to maintain a proceeding for the mortgage or sale of real property. In this case the land has already been sold, and, even if it were located in this state, and three years had not expired since letters were issued, the remedy of the creditor under that statute is gone. The numerous cases under that statute, of which In re Gantert, 136 N. Y. 106, 32 N. E. 551, is an example, have no direct pertinency here. The executors contend that they qualified as such before a probate court in the state of Texas, and were obliged to do so in order to obtain possession of the Texas land, and effect its sale, and that they should not be required to account for the proceeds of that property in this state. In this they are in error. The testator was, at the time of his death, domiciled in this state. The administration granted in this state is the principal, primary, original, or chief administration, because the law of the domicile governs the distribution of the personal property, while that granted in any other country is ancillary or auxiliary. Harvey v. Richards, 1 Mason, 381, 402, Fed. Cas. No. 6,184; Ordronaux v. Helic, 3 Sandf. Ch. 512; Churchill v. Prescott, 3 Bradf. Sur. 233. It was the duty of the executors to seek for assets wherever they could be found. Property of the estate was found in Texas, and they properly endeavored to get it into their possession. While they may not have been compellable to assume the burdens involved by an application for new letters in Texas, they did so, and, if any law of Texas or decree of any Texas court requires them to do anything, they may be protected in doing it, but subject to this limitation the assets recovered by them in Texas belong to the general estate, which they must account for here. Butler v. Green (Sup.) 16 N. Y. Supp. 888 (per Patterson, J.). The objections to the report of the referee are sustained, and the matter will be remitted to him for further hearing and report.

Objections sustained, and matter remitted to referee for further hearing and report.