In the Matter of the Estate of JESSE W. POWERS, Deceased. (Application of the SECOND NATIONAL BANK OF RED BANK, NEW JERSEY, for Payment of Its Claim against the Estate.)

EMPIRE TRUST COMPANY, as Administrator with the Will Annexed and as Substituted Trustee under the Will of JESSE W. POWERS, Deceased, Appellant; SECOND NATIONAL BANK OF RED BANK, NEW JERSEY, and Others, Respondents.

First Department, April 6, 1923.

Executors and administrators — testator indorsed note made by son — son was executor and trustee and devisee under will — personal property not sufficient to pay debts — real property sold by substituted trustee and administrator with will annexed under power in will — note should be paid on surrender thereof and of collateral out of proceeds of sale and amount charged against son's share.

A testator indorsed a note for his son, which was discounted by a bank. He did not leave sufficient personal property to pay his debts but died seized of certain real property. He left a will appointing executors and trustees with full power and authority to sell any of his property. The son, who became sole surviving executor and trustee, and the devisees, with the exception of two infants, entered into an agreement whereby the son resigned and a trust company was appointed substituted trustee and administrator with the will annexed, and it thereafter sold some real property.

*Held,* that it was proper to direct said trust company to pay the note out of the proceeds of the sale upon the surrender of the note and any collateral held as security for the payment thereof, and charge the amount so paid against the share of the son in the estate.

APPEAL by the Empire Trust Company, as administrator, etc., from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of August, 1922, directing the appellant to pay the claim of the Second National Bank of Red Bank, New Jersey, and reimburse itself out of any funds payable to Harry L. Powers from the estate of the deceased.

4

*Parmly & Stetson* [*William L. Woodward* of counsel], for the appellant.

*Phillips & Avery* [*Earl A. Darr* of counsel], for the respondent, the Second National Bank of Red Bank, N. J.

*Thomas & Friedman* [*Harold S. Bareford* of counsel; *Stanleigh P. Friedman* with him on the brief], for Jesse W. Powers, 2d, and Elizabeth M. Powers.

FINCH, J.:

Jesse W. Powers, deceased, had indorsed for his son, Harry L. Powers, and was thus obligated to the Second National Bank of Red Bank, N. J., upon a promissory note. He did not leave sufficient personal property with which to liquidate his debts. The claim of said bank is undisputed. Said Powers died seized of certain real property, including a parcel known as 34 Mount Morris Park West, New York city. He left a will, appointing executors and trustees with full power and authority to sell any of his property. Of said executors and trustees Harry L. Powers came to be the sole survivor. Subsequently all the devisees under the will (with the exception of two infant devisees) and Harry L. Powers as sole surviving executor and trustee, entered into a trust agreement with the Empire Trust Company, whereby said Harry L. Powers agreed to resign as executor and trustee, the Empire Trust Company to be appointed as his successor under the will, and his final account to be filed and settled; all of which was done pursuant to said agreement. Shortly after the Empire Trust Company had been appointed administrator with the will annexed and substituted trustee under the will of Jesse W. Powers, deceased, the Empire Trust Company sold said premises, No. 34 Mount Morris Park West. The Second National Bank of Red Bank, N. J., claims that the proceeds of this sale are applicable to the payment of the decedent's debts and to its claim.

The legal title to the real property of Jesse W. Powers was vested in the devisees of his estate, subject to the power of sale given to the executors and trustees in his will. (*Fowler* v. *Powers*, 189 App. Div. 888.) This power was not exercised by the executors and trustees or the survivor of them, but passed to the Empire Trust Company upon its appointment as substituted trustee under the will of Jesse W. Powers. (*Kortright* v. *Storminger*, 49 Hun, 249; *Leggett* v. *Hunter*, 19 N. Y. 445.) Upon the exercise of the power by the Empire Trust Company to the extent of the sale of the property in question, the title of the devisees was divested, and the proceeds were received by the substituted trustee for purpose of administration. (*Matter of Bolton*, 146 N. Y. 257.)

The testator's debts should be paid out of the proceeds of sale. (*Matter of Bolton, supra.*) The substituted trustee, however, is entitled to the surrender of the note, and any collateral held as security for the payment thereof. (*National Exchange Bank v. Silliman,* 65 N. Y. 475, 479; *First National Bank v. Wood,* 71 id. 405, 410.)

It follows that the decree of the surrogate should be modified so as to direct the surrender of the note and any collateral thereunder, and as so modified affirmed, without costs.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Decree modified as directed in opinion and as so modified affirmed, without costs. Settle order on notice.