In the Matter of the Final Judicial Settlement of the Accounts of
BERTHA DERRICK DYGERT, as Executrix, etc., of EMILIE MOOSE,
Deceased.

FIRST NATIONAL BANK OF HERKIMER, NEW YORK, Appellant;
BERTHA DERRICK DYGERT, Executrix, etc., of EMILIE MOOSE,
Deceased, and Others, Respondents.

Fourth Department, May 9, 1934.

*James P. O'Donnell,* for the appellant.

*Essie R. Henderson* [*Charles B. Hane* of counsel], for the
respondents.

THOMPSON, J. The estate of decedent consisted entirely of a house and lot, which the executrix sold, in pursuance of a general power of sale set up in the will. Upon a judicial settlement of the executrix's accounts, it appeared that various claims had been presented against the estate of decedent, and allowed by the executrix, but not paid. The learned surrogate made a decree in which it was adjudged that, of the funds remaining in the hands of the executrix from the avails of the sale of the real estate, certain legacies, provided for in decedent's will, should be paid before any part of such fund should be applied to the payment of debts. This we think is error.

It is the duty of an executor or administrator to pay the debts of a decedent to the extent of the assets, and where he pays legacies while there are debts yet unpaid, retaining in his possession sufficient in his judgment to pay the debts, if the property retained proves insufficient, he may be personally liable for the deficiency. He may exact a bond from legatees to make him whole in case debts appear after the subject of a specific legacy has been delivered, or a legacy paid by a direction of the will before the completion of the publication of a notice to creditors, if such notice be published, or, if none be published, before the expiration of seven months from the granting of letters testamentary or of administration. (Surr. Ct. Act, § 218.) The duty to apply the assets in the payment of the debts of the deceased is obligatory without regard to the testator having, by the will, directed that a portion should be applied to other purposes. The representative must pay the debts of the estate before he turns over to the legatees their share of the property. " It is a general rule that where a testator directs his real property to be sold and converted into money for the purpose of division among legatees, the land is, in equity, to be treated for all purposes of administration as if it were personalty, and the proceeds of its sale became assets from which debts must be paid. * * * If the power to sell is general, either for the general purposes of the estate, or for the purpose of paying legacies in case of a deficiency of personalty applicable to that purpose, and a sale has actually been made, the proceeds are assets for the payment of debts, since the remedy of creditors against the land has thereby been destroyed." (*Matter of Newell,* 38 Misc. 563, 564; *Matter of Bolton,* 146 N. Y. 257; *Cahill* v. *Russell,* 140 id. 402; *Fraser* v. *Trustees, etc., U. P. Church,* 124 id. 479; 24 C. J. 181.)

The surrogate bases his ruling on section 233 of the Surrogate's Court Act, which provides that a proceeding for the sale of a decedent's real estate for the payment of debts must be commenced within eighteen months from the date when letters are first issued

to the executor or administrator, and on the fact that no such proceeding was commenced by the claimants within the time specified.

The will contained a provision giving the executrix general power to sell and convey real estate. There was no condition or modification attached to this grant of authority which confined its exercise to any particular purpose. It follows that the provision of section 233 of the Surrogate's Court Act, limiting the cases in which real property of an estate may be mortgaged, leased or sold, to pay claims, debts or demands against the estate, to cases where it cannot be " disposed of under a valid power contained in a will for the purpose for which the same might be disposed of under this article," put it beyond the power of claimants to institute such a proceeding.

"All of the statutes relating to the sale of the real property of a decedent for the payment of his debts have been passed to provide a way, where one does not otherwise exist, to enable general creditors to secure payment of their claims out of such property when there is an insufficient amount of personal assets. It is not intended that such statutes shall take the place of adequate testamentary provision. If the necessity for the proceeding does not exist, jurisdiction under the statutes does not exist, or at least should not be exercised." (*Personeni* v. *Goodale*, 199 N. Y. 323, 335, 336.) Moreover, in the circumstances claimants might well have assumed that the purpose of the executrix in effecting the sale of the real property was to pay the debts of decedent and the legacies provided for in decedent's will, so far as there were funds left after the payment of creditors to pay such legacies.

When there is insufficient personal property to pay a decedent's debts, the proceeds of the sale of real estate by an administrator or executor, in the exercise of a general power of sale contained in the will, become assets in the hands of the representative of the estate for the payment of the estate's creditors.

" Such would be the result of the exercise of a general power of sale. * * * The power was given to the executor to sell for any purpose which in his discretion should render it desirable to do so." (*Matter of Powers*, 124 N. Y. 361, 368.)

The first provision of the will in suit directed the payment of testatrix's just debts and funeral expenses. In such case a power of sale like the one set up in this will is deemed to have been given for the very purpose of providing for the payment of debts. (*Matter of Gantert*, 136 N. Y. 106, 110.) The power becomes a duty which a court of equity may enforce, and lands descending by force of such a will remain in equity chargeable with the debts of decedent, and may be so applied, as long as they are in the hands of the

devisee. (*Holly* v. *Gibbons*, 176 N. Y. 520; *Rositzke* v. *Meyer*, 176 App. Div. 193.)

If the executrix had distributed the avails of the sale of the real estate among the legatees, the claimants would have a right of action against the legatees, under sections 170 to 194 of the Decedent Estate Law. The action, so far as the facts in this case are concerned, could be brought any time after the expiration of eighteen months from the granting of letters testamentary or of administration. (§ 177.) In case it appears that at the time of the commencement of the action a proceeding for a judicial settlement of the accounts of the executor or administrator of decedent in which an order to dispose of real property of decedent for the payment of his debts, may be made, is pending, the action must be stayed until the proceeding is disposed of. (§ 178.)

The Statute of Limitations which applies to claims against decedents' estates is found at section 116 of the Decedent Estate Law, viz.:

" § 116. Actions upon contract by and against executors. Actions of account, and all other actions upon contract, may be maintained by and against executors, in all cases in which the same might have been maintained, by or against their respective testators."

If this statute has run against a claim presented to an executor or administrator, the action against decedent's heirs at law and next of kin, who have received the avails of the estate, will also fall. (Surr. Ct. Act, § 211.)

The law requires the application of the property of a deceased person, first, to the payment of the debts of the estate. Fulfillment of legacy, devise or trust will not follow until the legal obligations of the decedent have been met or have ceased to exist.

The decree should be reversed, with costs to the appellant, payable out of the estate, and the matter remitted to the Surrogate's Court of Herkimer county to proceed in accordance with this opinion.

All concur.

Decree so far as appealed from reversed on the law, with costs, and matter remitted to the Surrogate's Court with directions to modify the decree in accordance with the opinion.