In the Matter of the Estate of FREDERICK E. BRUNS, Deceased.

Surrogate's Court, Queens County, June 30, 1939.

*Edward M. O. Pratt*, for Ethel A. Bruns, as administratrix, etc.

*John H. W. Krogmann*, for Dora Bruns, petitioner.

HETHERINGTON, S. Decedent, a resident of Queens county, died on July 30, 1934, in the State of Massachusetts, of injuries sustained in a motor vehicle accident. On August 28, 1934, limited letters of administration were granted to his widow by this court. Thereafter and on February 21, 1934, she was also appointed administratrix by the Probate Court of Hampden county, Mass. An action instituted there for the wrongful death of the decedent terminated in a judgment in favor of the administratrix for $9,700. Although the fact does not appear in the record, counsel for respondent administratrix has conceded that the complaint contained two counts and demanded damages for the wrongful death of decedent and for conscious suffering. A recovery of $8,700 was had for wrongful death, and $1,000 recovered on the other count. An accounting of the fund thus recovered was had in the Probate Court of Hampden county and to which proceeding the petitioner was made a party. Service of process was made upon her by publication and registered mail. It is conceded that she did not appear therein. As the holder of a claim for hospital and funeral expenses of the decedent, the petitioner, his mother, now seeks to compel the respondent to account. She urges that the petition should be dismissed upon the grounds that she has received no funds as limited administratrix appointed by this court for which she is accountable, and that the accounting made by her in the Massachusetts court and the discharge granted are binding upon the petitioner.

Under the general laws of Massachusetts, the executor or administrator of a decedent is authorized to bring an action for damages for wrongful death. Where the decedent is survived by a wife and no children, the recovery is solely for the use of the wife. (Mass. Gen. Laws [1932], chap. 229, § 5.) Apparently, funeral experses are not a charge against the fund. Hence, petitioner can have no recourse to the fund of $8,700 recovered upon the count for wrongful death. However, section 6 of chapter 229, which authorizes a recovery under a separate count at common law for " conscious suffering resulting from the same injury," expressly provides that any sum so recovered shall be held and disposed of by the executor or administrator as assets of the estate of the decedent. Here, such recovery was had in the sum of $1,000 which must be regarded as an asset of decedent's estate. Under the Massachusetts laws, it is provided that where administration is taken on the estate of a person who was an inhabitant of any other State or country, his

personal estate found there shall, after payment of his debts, be distributed and disposed of according to the laws of the State or country of which he was an inhabitant. (Mass. Gen. Laws [1932], chap. 199, § 1.) As the decedent was, at the time of his death, domiciled in this State, the administration granted here is the principal, primary, original or chief administration. It would, therefore, seem that with respect to the personal property of the decedent in Massachusetts, the administration granted there was ancillary or auxiliary. After the satisfaction of the claims of local creditors, or other charges properly deductible, the surplus must be regarded as a general asset here and for which the respondent is accountable. (See *Matter of Newell*, 38 Misc. 563; *Clark* v. *Blackington*, 110 Mass. 369.) The settlement had in Massachusetts is not conclusive here. The determination of the petitioner's claim rests with the surrogate. Neither reason nor justice dictates that a local creditor of a resident decedent should be put to expense and inconvenience in enforcing her rights in a foreign jurisdiction. The respondent must, therefore, account for the sum of $1,000 representing the amount recovered for conscious suffering. She need not account for the $8,700 recovered as damages for wrongful death. Application granted. Submit order on notice directing that an account and petition for its judicial settlement be filed within thirty days.