In the Matter of the Final Judicial Settlement of the Account of John McComb et al., Executors, etc.

A discretionary power of sale of real estate given to executors for the benefit of devisees, with a direction to apply the proceeds to their use, may not be converted into a power of sale to pay debts; the doctrine of equitable conversion is not applicable to such a case.

Nor where a sale is made under such a power does the provision of the Code of Civil Procedure (§ 2724, sub. 4), giving to surrogates jurisdiction to compel a judicial settlement of the accounts of an executor where he "has sold or otherwise disposed of any of the decedent's real property * * * pursuant to a power contained in the decedent's will," authorize an accounting and disposition of the proceeds as personalty. No power is given to divert the trust fund from the purpose of its creation and the directions of the will.

The will of S., after devising his real estate in specific parcels, giving life estates in each parcel to various devisees and the remainder to others, gave to his executors a power to sell any of the parcels devised, with certain exceptions, the proceeds to "be invested and the income and principal applied * * * for the use and benefit of the same persons to whom the said lands and the income therefrom respectively were specifically devised and bequeathed. The personal estate paid all the debts of the testator except one owing to B. The executors sold portions of the real estate, and on settlement of their accounts, the surrogate ordered the debt of B. to be paid out of the unexpended proceeds of the real estate so sold. *Held*, error; that the proceeds never became legal assets, but equitably remained lands and were to be accounted for only as required by the will, until some proceeding paramount thereto called for an accounting under its authority and for its purposes.

*Glacius* v. *Fogel* (88 N. Y. 444); *Hood* v. *Hood* (85 id. 561); *Erwin* v. *Loper* (43 id. 521); *Kinnier* v. *Rogers* (42 id. 531) distinguished.

(Argued October 29, 1889; decided November 26, 1889.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made June 30, 1888, which affirmed a decree of the surrogate of Kings county on final settlement of the account of the executors of the will of Abraham B. Baylis, deceased.

The facts, so far as material, are stated in the opinion.

*Alexander H. Van Cott* for appellant. The objections of the guardian *ad litem* were not merely technical, nor made

for the purpose of preventing the payment of any just claim out of the estate of the decedent. (*Russell* v. *Russell,* 36 N. Y. 581, 586.) The fund is in the hands of John McComb and William H. McComb, not as executors, but as donees of a general power in trust which is not imperative. (2 R. S. chap. 1, tit. 2, art. 3, §§ 77, 94, 96, 121; Sugd. on Powers, 254, 267, 268, 399; 2 Perry on Tr. §§ 475, 511a; 2 Washb. on R. Pr. 608; *Crittenden* v. *Fairchild,* 41 N. Y. 289; *Kinnier* v. *Rogers,* 42 id. 531; *Hetzel* v. *Barber,* 69 id. 1; *Jackson* v. *Jansen,* 6 Johns. 73; 2 Woerner's Am. Law of Adm. 1096.) This real estate fund is, in legal contemplation, in the hands of the donees of the power as real estate, and, therefore, the executors had no authority to account for it as personal assets upon their accounting as executors, nor had the surrogate, upon such accounting, any jurisdiction or power to order its application to the payment of a general debt of decedent. (*Moncrief* v. *Rose,* 50 N. Y. 431; *Delaney* v. *McCormack,* 88 id. 174; *Stagg* v. *Jackson,* 1 id. 206; *Hood* v. *Hood,* 85 id. 562; *Bogert* v. *Hertell,* 4 Hill, 492; *Meakings* v. *Cromwell,* 5 N. Y. 136; *Dodge* v. *Pond,* 23 id. 69; *Kinnier* v. *Rogers,* 42 id. 531; *Lent* v. *Howard,* 89 id. 169; *Scholle* v. *Scholle,* 113 id. 261; *Henderson* v. *Henderson,* Id. 1; *In re City of Rochester,* 110 id. 159; *S. S. Bank* v. *Holden,* 105 id. 415.) The fund being in legal contemplation real estate, can only be reached by the creditor in the manner prescribed by the statute for the application of a decedent's real estate to the payment of his debts. (*Russell* v. *Russell,* 36 N. Y. 581; *In re Fox,* 52 id. 530; *Schneider* v. *McFarland,* 2 id. 459; 2 Woerner's Am. Law of Adm. 1095; Code of Civ. Pro. §§ 2749, 2752.)

*Sidney S. Harris* for respondents. Under the terms of the will the devisees could have elected in which character they would take it, whether as real estate without sale, or the proceeds of the sale. (*Prentice* v. *Jansen,* 79 N. Y. 478; *Armstrong* v. *McKelway,* 104 id. 179.) The proceeds of a sale of the testator's real estate is legal assets in the hands of the

·executor, whether the same is sold under decree of the surrogate for payment of debts or sold by the executor under a power contained in the testator's will. (*Glacius* v. *Fogel*, 88 N. Y. 444; *Hood* v. *Hood*, 85 id. 571; *Stagg* v. *Jackson*, 1 Comst. 206.) The surrogate had power to take the account of the proceeds of the real estate and order a payment of Baylis' claim. (Code Civ. Pro. § 2472; Laws of 1837, 537, § 5; *Wright* v. *Trustees, etc.*, Hoffman's Ch. 215; *Clark* v. *Clark*, 8 Paige, 152; *Erwin* v. *Loper*, 43 N. Y. 521; *Lent* v. *Howard*, 89 id. 177; *Bogert* v. *Hertell*, 4 Hill, 492; 2 R. S. 109, § 57; Code Civ. Pro. § 2724, subd. 4; *Whitney* v. *Phœnix*, 4 Redf. 180; Session Laws of 1822, 283, § 3; 2 R. S. [3d ed.] 172.) The property over which the power of sale might be ·exercised was certain, and the persons to whom its proceeds were given are also certain. (*Dominick* v. *Sayre*, 3 Sandf. 555; Code Civ. Pro. §§ 2728, 2730.) The power of sale is ·coupled with a trust to invest the proceeds and apply the income and principal to the use and benefit of the persons to whom the lands are devised. (*Leggett* v. *Hunter*, 19 N. Y. 444; *Leggett* v. *Perkins*, 2 Comst. 297.)

FINCH, J. A bare statement of the facts of this case will show that grave injustice has been done to the rights of the infants who appeal, and that the statutory provisions supposed to be conclusive have been incorrectly interpreted.

By his will the testator gave to his infant daughters, Lilly and Emma, respectively, specific parcels of real estate which he identified and described, and which were incumbered by mortgages the amount of which he named. He had already charged upon the same lands a life estate for his wife, to whom he had given all his personal property which should remain after the payment of debts, and a further right to use other real estate for a narrow and limited period. The provision for the wife was in lieu both of dower and distributive share, and the life estate of the widow in the lands devised to the infant daughters was further burdened with their support and education. The testator had other children and possessed

o⸲ ⸲r lands.   He devised to his son James the house and lot
ᵇⁱ Clermont avenue, Brooklyn, and the stable in rear·
ᵤₗ ⸲ Clermont avenue, for his life, with remainder to his issue.
The will gave twenty-five lots in Suffolk county to William
McComb who was testator's brother-in-law and one of his
executors.   He devised to his daughter Catharine a life estate
in two houses in Prince street, with remainder to her issue :
and to his daughter, Eliza Smith, a life estate in three other
houses on Prince street, with remainder to his other children.
The will finally conferred upon the executors a power to sell
all or any of the property devised except that given to James
and his issue, but subject to the consent and approval of the
widow, the sum so arising to " be invested and the income
and principal applied by my executors for the use and
benefit of the same persons to whom the said lands and the
income therefrom respectively were specifically devised and
bequeathed."   The personal estate was sufficient to pay all
the debts of the testator except one of $4,000 to one Baylis·
which remains unpaid.   The executors sold at public auction
a part of the property devised to the infant daughters, all of
that devised to Catharine and Eliza Smith and received there-
from, after paying incumbrances and expenses, something over
$11,000.   The executors rendered an account and the surrogate·
ordered the debt of Baylis to be paid out of the unexpended
proceeds of the real estate, and that decree has been affirmed
by the General Term.

By this process several things have been accomplished..
The son James and the executor McComb, to whom valuable
parcels of real estate were devised, have escaped thus far any
contribution to the unpaid indebtedness, and the whole burden
has been cast upon the wife and daughters.   A discretionary
power of sale for the benefit of devisees, and a direction to
apply the proceeds to their use, is converted into a power of
sale to pay debts, and the lands not charged by the will are
so charged by the surrogate in an ordinary accounting.   A trust
fund, created as such by the direction of the testator, and
required to be held by the executors as trustees, precisely as if·

the land from which it arose had never been sold at all, has been turned into legal assets and treated as if it had been the personal estate of the decedent. The doctrine of equitable conversion out and out, arising from an imperative command, and founded on a testator's intention to turn his land into money and dispose of it as such, is invoked as applicable to a case where the decedent devised land and not money, but gave a discretionary power to be exercised for the benefit and advantage of the devisee for the conversion of the land into an invested fund. A debt which, in a proper proceeding, it might have been the duty of the surrogate to order paid by means of a mortgage or lease is arbitrarily paid from the proceeds of a sale without opportunity to the devisees to contest the claim thus enforced upon their lands. More of error or of wrong is seldom seen in one adjudication.

The justification of the decree is rested mainly upon the provisions of the Code. It is said that section 2724 enumerates the cases in which the surrogate may compel a judicial settlement of the accounts of executors; that subdivision 4 gives such jurisdiction where the executor "has sold or otherwise disposed of any of the decedent's real property or devisable interest in real property, or the rents, profits or proceeds thereof pursuant to a power contained in the decedent's will where one year has elapsed since letters were issued to him;" and that under this provision the executor may be required to account as well for the proceeds of lands sold as for the personal estate. All that is true, but something more is requisite to sustain the respondent's position. The Code must be found to require in addition that, when he does so account for the proceeds of land sold, the trustee or the court may lay violent hands upon the trust fund, and divert it from the purpose of its creation and the directions of the will. That the executor must account for proceeds of real estate turned into money, and whether the sale has been authorized by the will or commanded by the surrogate, the Code does declare, but it is very far from compelling a misappropriation of the funds in either event.

In this case the executor accounted under the will; that was for him and for the surrogate the charter of authority and the warrant to be obeyed; the testator supposed his personal estate to be sufficient for the payment of his debts, and devised to his daughters land and not money ; he charged no dollar of debt upon that land and furnished his creditors with no remedy against it ; the sale he permitted was discretionary, and he impressed upon its proceeds the same beneficial uses which attached to the land; equitably it remained land and an unchanged devise.   Where the statute permits the land of an infant to be sold and turned into money under the order of the court it is careful to provide that the fund shall be treated as real estate remaining unchanged for the safety and benefit of all concerned.   (3 R. S. [5th ed.] 276, § 110.)   The statute but repeated the existing rule of equity as a measure of pre-caution.   (*Forman* v. *Marsh*, 11 N. Y. 544.)   Less than that is not to be said where the conversion is under a discretionary power only to be exercised at all in the interest and for the benefit of the infant.   This trust fund, therefore, never became legal assets, and could be accounted for only as the law of its creation required until some proceeding paramount to the will, sovereign even over the intention and direction of the testator, called for an accounting under its authority and for its purposes.

The authorities cited are in no respect to the contrary.   In *Glacius* v. *Fogel* (88 N. Y. 444) the entire real estate was devised to the executors, who were to divide and distribute the proceeds.   The sales were for the estate and all its purposes, and not for the sole benefit of devisees.   In *Hood* v. *Hood* (85 N. Y. 561) the real estate again was devised to the executors in trust to sell and hold and distribute the proceeds as money.   In *Erwin* v. *Loper* (43 N. Y. 521) the power of sale given to the executors was general and unrestricted.   The same thing was true of *Kinnier* v. *Rogers* (42 N. Y. 531), and the court added that, since there was no ground for an infer-ence that the testator intended to appropriate his land to the

payment of debts, the power of sale could not be exercised for that purpose.

To these cases should be added that of *Russell* v. *Russell* (36 N. Y. 581), cited by the respondent, in which the power to divert a trust fund resulting from an authority to sell "for the best interests" of certain legatees was denied.

We are satisfied that the creditor in this case has mistaken his remedy and that the decree was erroneous.

The order of the General Term and of the surrogate should be reversed, with costs to the appellant in all the courts against the executors of Baylis personally.

All concur.

Order reversed.