*Will — a power of sale to pay debts — where it exists a creditor cannot proceed under the Code, section 2749.*

It is provided by section 2749 of the Code of Civil Procedure that the real property of a decedent may be disposed of to pay his debts, except where it is devised expressly charged with their payment.

The will of a testator directed his executors to pay his debts, and gave them in a subsequent clause a full and general power of sale.

*Held,* that such a power, not limited to any particular purpose, would be deemed to include a power to sell for the purpose of paying debts.

That where such a power existed the proceeding authorized by section 2749 of the Code of Civil Procedure could not be maintained.

APPEAL by Paul Gantert, a creditor of William A. Juch, deceased, from an order of the Surrogate's Court of the county of New York, entered in that office on the 9th day of November, 1891, sustaining exceptions to a referee's report filed herein, overruling the report of the referee and dismissing this proceeding to compel the sale of the real estate of William A. Juch, deceased.

The will of William A. Juch was as follows :

*First.* I order and direct my executors and trustees hereinafter mentioned to pay all my just debts and funeral expenses as soon after my decease as may be convenient.

*Second.* I give, devise and bequeath unto my said executors and trustees all my estate, real, personal or mixed, of every name and nature whatsoever, and to which I now am or may hereafter be entitled to either in law or equity in and upon the following trusts, nevertheless, to wit :   *   *   *

*Lastly.* I hereby nominate and appoint my beloved wife, Wilhelmine Juch, my friend, Isaac E. Valentine, and my beloved son, William A. Juch, Jr., the executrix, executors and trustees of this my last will and testament, giving and granting unto my said executors and trustees full power and authority to sell and convey any and all my real estate, either at private sale or public auction, and to make, execute and deliver good and sufficient conveyances therefor I further authorize and empower them, or the survivor or survivors of them, to borrow or raise any sum or sums of money on bond and mortgage on any and all my real property that may be needed to pay off existing mortgages, and to reduce the principal sum of any and all mortgages on any of my real property by increasing the mortgage or mortgages on other pieces or parcels of my real estate; or whenever it may be for the best interest and advantage to my estate to make any changes in the amounts of the mortgage liens on my property, to make and enter into any and all leases for a term of years and less for any and all my real property; to make all necessary repairs; to alter any building or buildings erected or in the course of erection of any and all my real property, and finish to completion any house or houses that I may erect on any of my property which shall be unfinished at the time of my decease; also to make such improvements on any of my vacant property by the erection of buildings thereon as they may deem for the best interests of my estate.

It is my wish and will that neither of my executors and trustees shall be required to furnish and file any bond or other security before entering upon the performance of their respective duties as such executors and trustees.

In witness whereof I have hereunto set my hand and seal this twenty-eighth day of November, eighteen hundred and eighty-seven.

(Signed.)    WILLIAM A. JUCH.

*A. C. Thomas*, for the petitioner, appellant.

*Thomas Allison*, for the executors, respondents.

PATTERSON, J.:

The appellant presented a petition to the surrogate asking that an order be made directing the sale of his deceased debtor's real

estate to pay his debt. The surrogate sent it to a referee to take proof, and report with his opinion. The application was made under sections 2749 *et seq.* of the Code of Civil Procedure, which provide, in substance, that such an order as was asked for may be granted, except where the real estate devised is expressly charged with the payment of debts. The debtor left a will which was duly admitted to probate, and in that will he directed his executors to pay all his just debts and funeral expenses, and he gave his executors a power of sale of his realty in the following words : " Giving and granting to my said executors and trustees full power and authority to sell and convey any and all my real estate, either at private sale or public auction," etc. He created, by his will, certain trusts, which we will assume, for the purposes of this matter, to be invalid (but do not so determine). The referee was of the opinion that the application should be granted, but the surrogate determined that the power of sale was sufficient to authorize the executors to sell the realty for the payment of debts, and, therefore, it was not necessary to resort to the proceeding instituted in his court by the creditor.

It is not controverted that if this ruling of the surrogate is correct the land should not be sold in the manner or by the proceeding instituted by the creditor, and the single question, therefore, is as to the true interpretation of the power of sale. Is it to be exercised solely in connection with the trusts created by the will, or is it broad enough to confer a power to convert the realty into personalty for the payment of debts ? If it is to be exercised only for specific purposes, the reasonable and necessary interpretation would be to restrict its exercise for those purposes, but if it is for all the purposes of the will, that is, to pay debts and funeral expenses as well as for other purposes, there can be no limitation imposed upon it. This requires an examination and analysis of the whole will, and making it we can find nothing which limits the power of sale to any specific object. It was conferred in order that the donees of the power might carry out the purposes of the will, one of which was the payment of debts. The payment of such debts under the scheme of the will was just as much one of the objects of the testator, comprised within the power of sale, as any other. It is a general power of sale to complete and carry out the intention of the testator ; and it is unnecessary to inquire whether an equitable

conversion was operated, *ipso facto*, by conferring the power. The real question in the case is as to the extent of the power of sale and the purposes for which it may be lawfully exercised, and we agree with the learned surrogate that " the power of sale is unlimited and unrestricted to any particular purpose, and is broad enough to include a power for the payment of debts," and that there being a valid power of sale for that purpose the proceeding should not be maintained. The decree of the surrogate is affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Decree affirmed, with costs.