IN THE MATTER OF THE PETITION OF JAMES H. HEROY AND ANOTHER FOR A DECREE DIRECTING THE DISTRIBUTION OF THE REAL PROPERTY OF WILLIAM CAMPBELL, DECEASED, OR SO MUCH THEREOF AS MAY BE NECESSARY FOR THE PAYMENT OF HIS DEBTS.

*Sale of a decedent's real estate on a creditor's application — express charge of debts upon realty — effect of a discretionary power of sale to executors.*

The Code of Civil Procedure (§ 2749) provides that "real property, of which a decedent died seized, * * * may be disposed of for the payment of his debts and funeral expenses as prescribed in this title, except where it is devised expressly charged with the payment of debts."

William Campbell, whose will contained no mention of his debts nor direction for their payment, after giving certain legacies, devised the residue of his estate to his executors, in trust, to receive the rents and profits during the lifetime of his wife, and apply them to the support of his family, and after her death he devised the remainder to his children. By a subsequent clause he empowered his executors, if they should deem it to be for the best interests of his estate, to sell any of his real estate.

Certain of the creditors of the testator having petitioned the surrogate of the county of New York for a sale of his real estate, the application was denied.

On appeal by the creditors:

*Held,* that the application should not have been refused.

That the real estate of the decedent was not expressly charged with the payment of his debts, and, therefore, the creditors were entitled to take proceedings for its sale.

That the power of sale given to the executors was discretionary and not imperative, and unless imperative the creditors could maintain the proceedings. (Per O'Brien and Barrett, JJ.)

Appeal by James H. Heroy and William W. Heroy, as surviving partners of Heroy & Marenner, creditors of William Campbell, deceased, from an order of the Surrogate's Court of the county of New York, entered in its office on the 7th day of June, 1892, denying their application for a sale, mortgaging or leasing, of the real estate of the decedent, or of so much thereof as might be necessary for the payment of his debts.

*Henry B. Johnson,* for the petitioners, appellants.

*Thomas C. Ennever,* for the executors, respondents.

O'Brien, J.:

By their application to the surrogate the petitioners sought to enforce the sale of the real estate of which the decedent died seized, and have the proceeds thereof applied to the payment of their debts, pursuant to the provisions of the Code of Civil Procedure by section 2749 of which "real property of which a decedent died seized * * * may be disposed of for the payment of his debts and funeral expenses as prescribed in this title, except where it is devised expressly charged with the payment of debts."

In disposing of the application, the learned surrogate says: "It is only necessary to consider one question, viz., ' whether there is a power of sale in the will which could be exercised for the payment of debts.'" And again he says: "The point to be decided is whether a valid power of sale is created by the tenth clause of the will, and if there is a power of sale, whether it is one for general purposes, and, if exercised, whether from the proceeds arising therefrom the debts could be paid." After analyzing the provision of the will and referring to two cases (*In re Powers*, 124 N. Y., 361, and *In re Estate of Juch,* 17 N. Y. Supp., 910; 63 Hun, 280) he thus concludes: "The case at bar would seem to be equally strong, if not stronger than the cases cited as evidencing an intention on the part of the testator to give a discretionary power of sale to his executors to be exercised by them, not only for purposes which might be favorable and profitable to the beneficiaries and legatees, but also for the purpose of

paying his debts, should occasion arise therefor, viz., an inadequacy of personal property."

Upon this conclusion that the power of sale was unlimited and broad enough to include a power for the payment of debts, he denied the application, and from the order of denial this appeal is taken.

By the answer the executors alleged that, pursuant to the power of sale contained in the will, they had sold one of the pieces of real estate of which their testator died seized; but whether or not the proceeds arising therefrom would have been sufficient to pay the petitioners' claim is not alleged. As this allegation cannot be regarded as equivalent to a statement that there was sufficient personal property with which to pay the debts, it must be assumed upon this appeal, as no doubt it was by the learned surrogate, that this circumstance of a sale in no way affected the question which was presented, relating to the petitioner's right to the summary remedy provided by the Code, for the application of the decedent's real estate to the payment of debts, the personal property being insufficient.

The testator, by his will, makes no mention of debts, nor does the will contain the usual direction for the payment thereof by the executors, being silent with reference thereto. After payment of certain bequests, he gives, devises and bequeaths "all the rest, residue and remainder of my real and personal estate, in trust," to executors, to take possession, manage and control the same, receive the rents and profits therefrom during the life of his wife. After her death, he gives, devises and bequeaths all his estate, both real and personal, to his children, to six of whom their shares are given absolutely, and to the seventh a life interest, with a direction that, upon the death of this child, the one-seventh is to revert to and form part of the estate and to be divided among the other children.

In addition to giving authority to the executors to collect and receive the rents, issues and income of the estate, and to dispose of any of the personal property, by the tenth clause of his will he confers, with respect to his real estate, the following power upon the executors:

" *Tenth.* If, at any time, my executors, or such of them as shall have qualified, the survivors or survivor of them, shall deem it for the best interests of my said estate that any part or parts, or all of

my real estate, should be sold, then I authorize and empower my executors, as such, and the survivors and survivor of them, to sell and dispose of any real estate of which I may die seized or interested in, and any part or parts thereof, upon such terms and in such manner as they shall deem best, and for that purpose to make, execute and acknowledge all necessary deeds of conveyance therefor."

It will thus be seen, from a reading of the will, that the testator did not devise any part of his real estate expressly charged with the payment of debts, nor was there any imperative direction to the executors to change the character of his estate as he left it ; but the real estate was devised to his wife for life, with remainder over to his children, subject to being divested by the execution of the power of sale conferred upon the executors.

Whether or not, under the provisions of such a will, a general power of sale, such as is here given, will prevent the enforcement of the summary right of a creditor to have the real estate applied in payment of debts, can best be determined by resort to some of the cases showing the principles upon which the decisions in these cases proceeded.

In the first class may be grouped those wherein, by the will, the real estate is devised expressly charged with the payment of debts. There the Code governs, and would prevent the creditors enforcing a sale of the real estate.

Another class, directly opposite, is where the estate is devised and no intention to charge the debts upon the same is shown, resort may be had to the real estate. Thus, in *Matter of McComb* (117 N. Y., 378), it was held that a discretionary power of sale of real estate given to executors for the benefit of devisees, with a direction to apply the proceeds to their use, may not be converted into a power of sale to pay debts; that the doctrine of equitable conversion is not applicable to such a case.

Under a third head may be grouped a class of cases like the one referred to by the learned surrogate (*In re Powers, supra, and Erwin* v. *Loper*, 43 N. Y., 520), where the principle has been applied that where executors, under power of sale given by the will, sell real estate, the avails become assets in their hands for the payment of debts and legacies and to be accounted for the same as any other assets ; the residue, after payment of legacies and debts, belong

to the devisees to whom the lands have been devised, subject to the executors' power of sale.

It will thus be seen that the distinction between the cases last referred to and the class of cases like that of McComb is due to the fact that in the McComb case a discretionary power of sale was to be exercised for the benefit of devisees, whereas, in the class under which fall the cases of *Erwin* v. *Loper* and *In re Powers*, the power of sale was general and unrestricted, being given for the purposes of paying off incumbrances, protecting the real estate or more equitably or conveniently dividing it, and which had, by executors, been exercised, leaving in their hands the resultant funds, which, in the course of administration, could be applied to the payment of debts. In one class there is a devise of real estate in specific parcels, but in the other class, where the real estate is not specifically devised and a general unrestricted power of sale is given, which is exercised and the property sold, the proceeds arising therefrom are applicable to the payment of debts. Under the latter head may be cited the cases referred to in the *Matter of McComb* (117 N. Y., 383), as follows: "In *Glacius* v. *Fogel* (88 N. Y., 444), the entire real estate was devised to the executors, who were to divide and distribute the proceeds. The sales were for the estate and all its purposes, and not for the sole benefit of devisees. In *Hood* v. *Hood* (85 N. Y., 561), the real estate again was devised to the executors, in trust, to sell and hold and distribute the proceeds as money. * * * In *Kinnier* v. *Rogers* (42 N. Y., 531), the court added that, since there was no ground for an inference that the testator intended to appropriate his land to the payment of debts, the power of sale could not be exercised for that purpose."

Although here the real estate was devised, subject to being divested by the exercise of the discretionary power vested in the executors, we are inclined to think that had such power been exercised and the property sold, and had the executors, in answer to the application of the creditor, shown that they held the proceeds of the real estate which could be administered upon and the debts paid, then the case and principle would be covered by the class of cases to which reference has been made of *Erwin* v. *Loper* and *In re Powers*. Here, however, assuming that the personal property and

the proceeds of the piece of real estate sold were insufficient to pay debts, the question is thus presented whether the creditor can enforce the sale of other real estate by proceedings under the statute.

*In re Juch's Estate* (63 Hun, 280 [*In re Gantert, supra*]), this court held that where the power of sale is unlimited and unrestricted to any particular purpose and is broad enough to include a power for the payment of debts, and there being a valid power of sale for that purpose, the proceeding cannot be maintained. In that case, decided by the Court of Appeals (136 N. Y., 106), it was said: "A power of sale to pay debts sufficient to defeat the creditor's application under the statute must be one the exercise of which is imperative, and not simply discretionary. A creditor cannot be deprived of his statutory remedy, unless the debtor has by his testamentary act provided him with one which is equally prompt and effective in its operation." And again: "It is conceded that he is entitled to the relief sought, unless the testator's real property is, by the terms of the will, subject to a valid power of sale for the payment of debts."

As we have seen, the testator in his will here makes no mention of or provision for his debts whatever, and as to his real estate his intention was that it should be kept by his executors during the lifetime of his wife, she to reside in a portion of it, and that the income should be used to pay for the support of his family, and upon the death of the wife that the real estate and personal property should go to his children, the personal property as personal property, and the real estate as real estate. The power of sale is expressly discretionary, and the creditors could not for their benefit. insist upon its exercise.

*In re Juch* the decedent in his will directed his executors to pay his debts and funeral expenses, whereas, in this case, we find no reference whatever to debts. And if importance is to be attached to such a provision in a will, we do not see why the absence of such a provision should not be equally as significant. In that case it is said: "We cannot regard the direction to the executors and trustees to pay all just debts as an idle and meaningless formula. The testator well knew that his will, in this respect, could not be obeyed without a sale of some part of his real estate, and it is to be presumed that he intended to clothe them with a power commensurate

with the duties and obligations imposed upon them. * * * The real and personal property is blended in one gift to the executors for a common trust, in which all the beneficiaries share equally. In such cases the exercise of a general and unlimited power of sale is imperative, and may be compelled in favor of any party who is lawfully entitled under the provisions of the will to the proceeds of the real property when sold. A creditor whose debt is directed by the will to be paid, and for the satisfaction of which the personal estate proves insufficient, belongs in this class. He is beneficially interested in the exercise of the power and, as to him, it becomes a power in trust," and the court decides that the petitioner (a creditor), " as a beneficiary of the power, could compel its execution," and, therefore, that he has no right to the summary remedy of the Code.

Applying this reasoning to the right of the petitioners here, we think the error into which the learned surrogate has fallen is in formulating the question for determination, and in not noting the distinction between a discretionary and an imperative power of sale. He made the right of a creditor to a sale of the real estate under the statute to depend upon the question whether the power of sale in the will *could* be exercised for the payment of debts. We think the more correct expression to be, that the question for determina-was whether there is a power of sale in the will which *must* be exercised for the payment of debts. And that, therefore, though a power of sale may be general and unrestricted, which, if exercised, might render the proceeds of real estate, if an intention to that effect could be reasonably inferred from the will, subject to be applied to the payment of debts; such a discretionary power of sale, unexercised and in the absence of any provision in the will for the payment of debts, or an expression of intention from which it could be inferred that the real estate must be sold for the payment thereof, is not sufficient to prevent creditors from enforcing payment of their debt by compelling a sale of the real estate where all the jurisdictional facts are shown, and all the proceedings have been regular and in accordance with the Code, as was concededly the position of the petitioners here.

We think that this view is sustained by the Code, which makes provision for such an application, except in cases where the decedent has provided a way of payment by charging the debt on the

real property, or by giving his executors a power of sale for the payment of debts that can be enforced. This is but saying that a disposition of real estate in the summary manner provided by the Code must be granted, unless the creditor is provided with another method of enforcing payment.

Having reached the conclusion that the power of sale under this will was not one for the benefit of creditors of the estate, or one which they could have enforced, it was a proper case for the application to the surrogate, which could only be denied upon a showing that the executors had sold the real estate, and were in funds sufficient to pay the debt.

We are of opinion, therefore, that the order of the surrogate should be reversed, with costs, with leave to the executors to answer over, with a view of showing whether the proceeds from the one piece of property sold would leave sufficient assets in their hands out of which the debt could be paid, in which event the application should be denied; otherwise, granted.

VAN BRUNT, P. J. :

While agreeing in the result of the within opinion I do not concur in much that is contained therein.

The learned surrogate says : " It is only necessary to consider one question, viz., whether there is a power of sale in the will which could be exercised for the payment of debt." It seems to me that that is not the question, but it is, has this real estate been devised *expressly* charged with the payment of debts, not charged by implication or by operation of law, but *expressly* charged. Such is the provision of section 2749 of the Code. Unless it has been so expressly charged this section gives the creditor the right to maintain this proceeding. In the case at bar the will contains no reference to debts, no direction to pay, hence, although there may be a legal obligation upon the part of the executors to pay, there is no charge of payment expressed in the will, hence the debts are not expressly charged with the payment of anything.

*In re Juch* referred to, the will expressly charged the executors with payment of debts, and it was held that all the assets of the estate there being a power of sale were charged with their payment a very different case from the one at bar.

BARRETT, J.:

I concur upon the ground that the real estate was not charged by the testator with the payment of debts, and that the power of sale was discretionary and not imperative.

Order reversed, with costs, with leave to the executors to answer over with a view of showing whether the proceeds from the one piece of property sold would leave sufficient assets in their hands out of which the debt could be paid, in which event the application should be denied, otherwise granted.