### In re SCHAUFFERT'S ESTATE.

### In re WANGNER.

(Supreme Court, General Term, Third Department. December 6, 1893.)

CONVERSION—FOR PURPOSES OF WILL—REMAINDER.

Testatrix left all her property, real and personal, to her executor in trust, to take charge and possession, and in his discretion to sell or convey, to invest the proceeds, and use the income and interest, and so much of the principal at any time in his keeping as he should deem necessary and proper, for the support of testatrix's husband so long as he should live, and at his death to pay over the residue to any child or children then living. Testatrix left no child her surviving. *Held*, that the remainder in the land, as to which remainder she died intestate, if under the will equitably converted into money, was only so converted for the purposes of the will, and on her death vested, not as personalty in her husband, but as realty in her heir at law.

Appeal from surrogate's court, Albany county.

Judicial settlement of the accounts of Philip F. Wangner, executor and trustee under the will of Magdelena Schauffert, deceased. Appeal by John Martin Daugs and Matilda Daugs, as executors and legatees under the will of Ernest Schauffert, deceased, from the surrogate's final decree settling said Wangner's accounts and directing final distribution.    Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

King & Speck, (Henry J. Speck, of counsel,) for appellants.

Mead & Hatt, for respondent John Daugs.

McClellan & Albertson, for respondent P. F. Wangner.

PUTNAM, J.    The testatrix in the will under consideration left all her property, real and personal, to her executor, Philip F. Wangner, in trust, to take charge and possession thereof, in his discretion to sell or convey the same by proper conveyances or leases, to invest the proceeds, and use the income and interest thereof, and also so much of the principal sum as shall be at any time in his keeping, as he shall deem necessary and proper for the support of her husband, Ernest Schauffert, so long as he shall live, and at his decease to pay over the residue to any child or children then living. The testatrix left no child her surviving, and as to the remainder of her estate, after the trust estate for the life of her husband, she died intestate.    Of the remainder, her heir at law, on her decease, at once became seised, (In re Tienken, 131 N. Y. 391, 30 N. E. 109,) unless, as claimed by appellants, there was an equitable conversion of such remainder immediately at her decease into personalty which vested in her husband.    It will be observed that the language of the will does not imperatively require the sale of the real estate.    Whether there shall be a sale or not is left to the discretion of the executor.    But it is urged by the appellants, and perhaps correctly, that the language and provisions of the will are such as to clearly show an intent on the part of the testatrix that all her estate should be converted into money, invested on interest, and the income and interest applied to the support of her husband.    We will assume, in our consideration of the case, that a proper construction of the language used in the will indicates an intent of testatrix that her estate should be converted into money. But it is held, and seems to be well settled, that where real estate has been converted into money to carry out the provisions of the will, and a part of the converted fund is undisposed of by the will, such portion goes to the heir at law, and not to the next of kin. Wood v. Keyes, 8 Paige, 365.    In Parker v. Linden, 113 N. Y. 28-- 37, 20 N. E. 858, 861, Danforth, J., uses this language:

"The important question is whether the direction for conversion is, by the terms of the will, absolute and imperative, so as to be complete to all intents and purposes, or whether the conversion directed is for the purposes of the will only. If the latter, then, if those purposes fail, or do not exhaust the proceeds, the property unapplied, whether the estate has been actually sold or not, will devolve according to its original character."

It requires no argument to demonstrate that in the case under consideration the conversion from real to personal property directed by the will—if the will shall be deemed to contain any such direction—is for the purposes of the will alone. As we have seen, there is no absolute or imperative direction requiring such a conversion. If required by the language and terms of the will, it is because such conversion is impliedly required to carry out the directions contained therein as to the disposal of the property of testatrix for the benefit of her husband during his life. The implied direction for a conversion was not for the purpose of a distribution of the estate among the next of kin. The will does not contain any language indicating an intent of the testatrix to convert the real into personal estate except for the purpose of the will, hence the case of Parker v. Linden, supra, seems directly in point. See, also, Courley v. Campbell, 66 N. Y. 169, 173, 174. In Bogert v. Hertell, 4 Hill, 492–495, Nelson, C. J., uses the following language:

"Now, I think the authorities demonstrate that where the devisor has directed or authorized the conversion of his real estate, even for a particular special purpose, such as distribution, courts are bound, so long as the purpose and object exist and continue, to regard it as of that species of property into which it was directed to be converted; and to the extent and for the purpose declared it is to be treated as money, and not land. This will be found to be the uniform language of all the cases on the subject. If the purpose and object of the conversion fail altogether or in part, then the whole estate in the one case, and the part in the other, is regarded as an estate or interest undisposed of by the will; and as the devisor, in the event happening, has made no disposition of the estate, it takes the direction given to it by law, independently of the will, and goes to the heir at law."

The case of Roy v. Monroe, 47 N. J. Eq. 356–361, 20 Atl. 481, to which we are cited by the learned counsel for the respondents, is in harmony with the authority above referred to. In the opinion the following language is used, which we quote as containing a very clear and able statement of our views in reference to the case under consideration:

"But the $10,000 stand in an entirely different situation. Though the land which this sum represents was changed, by a direction contained in the testator's will, from land to money, yet it has so happened that his will does not, in the present situation of affairs, dispose of the money. The testator ordered the conversion for two purposes: First, that his son, during his life, might have the income arising from the money; and, second, that the principal, on his son's death, might go to his son's children. The first purpose has been fully accomplished. The second, however, has not been, and never can be. The son died without issue. The $10,000 are therefore undisposed of. As to it the testator died intestate,—that is, in the condition of affairs now existing, it must be declared that he had no will concerning it, and made no testamentary disposition of it,—and consequently nobody can claim it under his will. It thus appears that the main purpose of the conversion has failed. Where that is the case, the principle which must govern the judgment of the court in disposing of the money is, as I understand the authorities, firmly and clearly established, and may be stated as follows: The money must, for the purposes of succession, be regarded as possessing precisely the same heritable or transmissible quality or character which the property it represents has at the death of the testator, and it must be given to the heir if it represents land, and to the next of kin if it represents personalty."

See, also, Read v. Williams, 125 N. Y. 560, 570, 571, 26 N. E. 730.

We conclude that under the doctrine established in the authorities above quoted the court below made the correct disposition of the case. It is quite clear that if, under the will in question, there is any equitable conversion whatever, it was intended by the testatrix for the purpose of the will only; and hence, as held in Parker v. Linden, supra, as those purposes do not exhaust the proceeds, the property unapplied descends to the heir at law. The case of Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498, cited and relied upon by the learned counsel for appellants, does not at all conflict with the views above expressed. In Delafield v. Barlow the court held, under a will in some regards similar to the one under consideration, though with some doubt and hesitation, that by the terms of the will in that case considered there was an equitable conversion of the real estate into personalty. But in that case the property was all disposed of under the will. While there was an equitable conversion for the purposes of the will, all the property so converted was required to carry out its provisions; in other words, testator did not die intestate as to any of the converted property. Hence the case was not like that of Parker v. Linden and the authorities above cited, and does not conflict with them. In the case under consideration, had the deceased left her surviving a child or children, —assuming there was an equitable conversion of the real estate into personalty for the purposes of the will,—the estate, being all disposed of by the will, might be deemed all converted into personalty. As we have seen under the will, as to the remainder of the estate after the life estate of Ernest Schauffert deceased died intestate. We therefore conclude that on the death of testatrix her heir at law at once became vested with the remainder of the real estate undisposed of by the will, subject to the trust estate for the life of the husband, and that such remainder, to the extent it continued undisposed of, has retained and retains its character of real estate, and goes to John Daugs, the father and heir at law of testatrix. We have examined the other authorities cited by the learned counsel for appellant, but do not feel they require discussion. The decree of the surrogate should be affirmed, with costs. All concur.