It clearly appears that testator never recognized the existence of any artificial relation of parent and child between Jonathan and Lucy. In fact, he did not know that she was legally adopted, but understood and believed that she was not. In the light of his knowledge at the time of the preparation of the will and the incidents occurring at that time, it appears that he did not intend to give the claimant any portion of his estate, and that he was satisfied from the knowledge he possessed that the language of the will would exclude her as a legatee, and his property be divided among the children born to his "brothers and sister" as he evidently intended. I believe that, when he desired his property to go to his "nephews and nieces," he intended those persons who held such relation by the operation of usually recognized relations in society, and that it would be contrary to the wish and intention of the testator for me to read into the will any language or to draw therefrom any inference which would include the claimant within its provisions. It seems to me that had the testator intended Lucy Barlow to be one of his beneficiaries he would have expressly mentioned her as such, because the only natural inference that can be drawn of the state of mind of the testator at the time the will was executed is that she would not take under its provisions, showing clearly to me that his express intention was to exclude her as a beneficiary.

My conclusion therefore is that Lucy Barlow should be excluded in the distribution of this estate.

Let a decree be entered accordingly.

Decreed accordingly.

---

(63 Misc. Rep. 638.)

## In re GREEN.

(Surrogate's Court, Kings County. June, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 138*)—POWER OF SALE—REAL ESTATE—VALIDITY.

   The direction to an executor in a will to sell real estate of a testatrix, the proceeds to become part of her residuary estate, is ineffectual as a power of sale, where the will makes no disposition of the residuary estate, so that a sale by the executor thereunder does not devest the title of the heirs at law.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 560–562, 568–575; Dec. Dig. § 138.*]

2. EXECUTORS AND ADMINISTRATORS (§ 475*)—ASSETS—PROCEEDS OF SALE OF REAL ESTATE.

   The proceeds of such a sale in the hands of an executor are not assets for which he can be called upon to account in the Surrogate's Court.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 475.*]

Judicial settlement of the account of Theodore E. Green, as executor of Anna C. M. Drewes Meyer, deceased. On objections to account. Decree ordered.

Caldwell, Logan & Holmes, for executor.
Richard M. Bruno, for Doris Hefter, heir at law and next of kin.
Hugo C. Gollmar, for J. Louis Meyer, husband.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KETCHAM, S. The will, after numerous legacies of money, contains the following:

"I do hereby direct, authorize and empower my executor hereinafter named and appointed, to sell and convey, for such price as he shall deem proper, all that certain lot of land with the building and improvements thereon, situate, lying and being in the borough of Brooklyn, in the city of New York, and known and designated as and by the number three hundred and fifty-one (351) Pulaski street, the premises wherein I now reside, and the proceeds of such sale I direct to be placed in and become part of my residuary estate."

There is no residuary disposition in the will. The decedent left no descendants, but her husband survives her. The executor has sold the real estate mentioned in the will, and in his final account includes the proceeds of such sale, together with the rents collected by him between the death of the testatrix and the time of sale.

The attempted power of sale was void, and the sale was ineffectual to divest the heirs of the fee which vested in them at the death of the decedent. Sweeney v. Warren, 127 N. Y. 426, 28 N. E. 413, 24 Am. St. Rep. 468. The proceeds of sale have not come into the hands of the executor as a part of the fund under administration. He holds them simply as one who, without warrant, has sold the property of another and is ready to account for its price. An executor can account for proceeds of the sale of lands not devised to him in trust only when he has sold them pursuant to a power of sale contained in the will, and it is not conceivable that the results of a sale for which there is no valid warrant in the will became any part of the fund intrusted to him as executor. The proceeds of a sale which the executor as such had no right to make, and which he has made only in his individual capacity, cannot be the subject of accounting in this court. The executor, in collecting the rents, acted without his office, and holds the avails only as an individual.

No question is made of the practical fidelity of the executor; but, so far as he has been faithful to an idle and empty provision in the will, he has intruded upon the rights of the heirs and cannot account to them in this proceeding as to either the proceeds of the land or its rents. The residue of the personalty is claimed by the next of kin; but it belongs to the husband. Where a wife leaves a husband and no descendants, there is nothing in the statute of distributions to disturb the common law under which the husband takes absolutely all unbequeathed assets.

The account should be stated to conform to these views.

Decreed accordingly.