In the Matter of the Application of SAMSON L. TOPLITZ and BETTY M. HILBORN for the Construction of the Last Will and Testament of EMMA IDA TOPLITZ, Deceased, Appellants.

FLORENCE ROSE DOCTOR, Respondent.

First Department, April 9, 1920.

**Wills — property devised in trust with power of appointment by will in beneficiary — where beneficiary predeceases testatrix without exercising power of appointment testatrix dies intestate — power of executors to exercise general power of sale.**

Where a decedent devised all of her property to her executors and trustees, in trust, for the benefit of her son and gave them the power of disposing of the balance of the estate at his death in such manner as he might by his last will direct, and the son predeceased the testatrix without issue and

without having exercised the power of disposition given him by the will, the decedent died intestate as to all her property, beyond such part thereof as might be necessary to pay her lawful debts and funeral expenses.

*It seems*, that if the will itself had provided for the distribution of the remainder of the estate instead of directing its disposition in accordance with the will of the son, the executors and trustees would have had the right to exercise the general power of sale contained in the will.

The fact that there may be debts existing against the estate did not authorize the executors to exercise the general power of sale contained in the will for such power cannot be exercised for the payment of debts and obligations.

The attempted exercise of the power of sale by the executors was of no validity or effect, and, therefore, the objection taken by the purchaser to the title on the ground of lack of power in the executors to make the sale was valid.

DOWLING, J., dissents, with opinion.

APPEAL by the petitioners, Samson L. Toplitz and another, from a decree of the Surrogate's Court of the county of New York, entered in the office of said surrogate on the 24th day of December, 1919, in a proceeding for the construction of the will of Emma Ida Toplitz, deceased.

*William F. Unger* of counsel [*Samuel Rubin* with him on the brief; *Goldman & Unger*, attorneys], for the appellants.

———— ————, for the respondent.

MERRELL, J.:

Emma Ida Toplitz died April 29, 1916, a resident of New York county, leaving a last will and testament, which was thereafter duly admitted to probate by the Surrogate's Court of said county, and letters testamentary thereon issued to the executors therein named, who were also named as trustees of said will. Said executors thereafter duly qualified as such and entered upon the discharge of their duties and have petitioned the Surrogate's Court for a judicial construction of said will, particularly as to the power of the petitioners, as such executors, to sell and convey certain real property of which the testatrix died seized. Under the terms of said will the testatrix left her entire estate to her said executors and trustees, in trust, for the benefit of Edgar M. Toplitz, the son of testatrix, the said son to receive and be paid during his lifetime the entire net income of decedent's estate, with the discretion in said executors and trustees to pay to said

beneficiary during his lifetime so much of the principal of the trust estate, in addition to said income, as in the discretion of said executors and trustees they or the survivor of them might deem proper and necessary.

The will of testatrix further provided that any and all balance of her estate remaining at the decease of her said son, be paid over and disposed of by her said executors and trustees in such manner as her said son might by his last will direct. Edgar M. Toplitz died April 26, 1916, three days prior to the death of testatrix, and, so far as the record discloses, decedent's said son died intestate and without leaving issue him surviving.

At the time of her death testatrix was seized of a one-fourth interest in certain real property situate in the town of Greenburg, Westchester county, N. Y.

The petitioners, as executors, have entered into a contract for the sale of the aforesaid real property to one Henry L. Prager, at an agreed purchase price of $27,000 for the entire property, of which one-quarter would, upon performance of the contract, be paid to the estate of testatrix. The prospective purchaser has objected to the title on the ground of lack of power in the petitioners to sell and convey decedent's interest in said real property. Hence the pending proceeding to construe said will.

Such power to sell and convey as the petitioners have is derived from the 4th paragraph of the will, which reads as follows:

"*Fourth.* I hereby authorize and empower the executors and trustees hereinafter named or the survivor of them, to sell, mortgage, convey, lease or otherwise dispose of any and all my property, real, personal and mixed of whatsoever nature and description and wherever the same may be situated at such time, in such manner and upon such terms as they in their discretion or in the discretion of the survivor of them may deem proper."

The learned surrogate has held that: " The sole beneficiary of the trust estate having died and the power of sale vested in the trustees never having been exercised during his lifetime, has become extinguished, as there is no longer any necessity for the conversion of the real estate to accomplish any particular

purpose specified in the will." (109 Misc. Rep. 401.) For that reason the surrogate held that there was no valid, subsisting power of sale in the will. In support of his decision the learned surrogate cites *Gourley* v. *Campbell* (66 N. Y. 169) and *Chamberlain* v. *Taylor* (105 id. 185). I do not think either of those cases is applicable to the state of facts existing in the case at bar. In *Gourley* v. *Campbell* (*supra*) there was no express power of sale in the will, and in *Chamberlain* v. *Taylor* (*supra*) the power of sale was expressly limited to the purposes of the execution of a trust created by another paragraph of the will. In the will before us the power of sale is not limited to the trust therein created, but is general, and had the will itself provided for the distribution of the remainder of the estate instead of directing its disposition in accordance with the will of decedent's said son, I think the executors would clearly have had the right to exercise the power of sale contained in the will. The son having predeceased the testatrix and never having exercised the power of disposition given him by the will, the decedent died intestate as to all of her property, beyond such part thereof as might be necessary to pay her lawful debts and funeral charges. And the surrogate held, I think, correctly, that: "The fact that there may be debts existing against this estate is not in itself sufficient to sustain and keep alive the power of sale, for such power cannot be exercised for the payment of debts and obligations." (Citing *Matter of McComb*, 117 N. Y. 378.) In any event, the record before us does not disclose that at the time of the attempted exercise of the power of sale by the petitioners there were any debts or funeral charges of the testatrix remaining undischarged, nor that resort to her real estate must be had for the purpose of paying her debts or funeral charges.

While I think the surrogate has reached a proper result and has correctly held that the petitioners are without power to sell decedent's real property, I am of the opinion that such disability rests upon the fact that decedent died intestate as to all her property and estate rather than that the discretionary power of sale given the executors by the will is impossible of exercise for the specific purposes set forth in the will. If, notwithstanding the inability of the trustees to carry out decedent's directions as to the disposition of her

property through the death of her son prior to her own decease, there could be drawn from the will and the surrounding circumstances that it was decedent's intention to give her executors an unqualified power to sell and dispose of her real property in their discretion for the purpose of distribution among those lawfully entitled thereto, then I think such power could be upheld. But in the present case I find no reason for so holding. In my opinion decedent's real property passed directly to her heirs at law by inheritance and not under her will. As said real property became vested in such heirs immediately upon her death, the executors and trustees have never had any interest therein, either beneficial or otherwise, and the attempted exercise by them of the power of sale of decedent's real property was of no validity or effect.

The situation here presented is well summarized by Heaton in his treatise on Surrogates' Courts, as follows: "A power of sale is void which applies to property which is undevised. The title and beneficial use cannot be in one person, with a power of sale coupled with no interest in another." (Citing *Matter of Green*, 63 Misc. Rep. 638; *Sweeney* v. *Warren*, 127 N. Y. 426; *Jennings* v. *Conboy*, 73 id. 230.) (Heaton Surr. [3d ed.] 1127.)

Inasmuch as no part of decedent's real property passes under her will, I am of the opinion that the executors have no interest therein and are without power to convey the same.

For the reasons above stated the decree of the Surrogate's Court should be affirmed, without costs.

CLARKE, P. J., and LAUGHLIN, J., concur; DOWLING, J., dissents.

DOWLING, J. (dissenting):

The last will and testament of the decedent contained the following clause:

"*Fourth.* I hereby authorize and empower the executors and trustees hereinafter named or the survivor of them, to sell, mortgage, convey, lease or otherwise dispose of any and all my property, real, personal and mixed of whatsoever nature and description and wherever the same may be situated at such time, in such manner and upon such terms

as they in their discretion or in the discretion of the survivor of them may deem proper."

There was no qualification whatever as to the exercise of the power of sale thus conferred nor was it restricted in its exercise to the effectuation of any limited purpose indicated by the testator. Under these conditions I think the rule is applicable as laid down in *Lindo* v. *Murray* (91 Hun, 335) wherein the court said (p. 337): " The authorities cited upon the part of the plaintiffs hold that where an executor has a mere naked or collateral power, with no beneficial interest whatever in the land or its proceeds, the power can only be exercised in the manner and for the precise purpose declared and intended by the donor, and that where that purpose cannot be effectuated the power fails. But in the case at bar there was no limitation of purpose whatever. The executors were authorized to sell the real estate at such time, in such manner and upon such terms as they in their judgment should consider for the interest of the estate, and to execute proper deeds therefor. Even for the purposes of distribution, the executors would have had the right to exercise this power in order to prevent the expenses of partition. The case of *Sweeney* v. *Warren* (127 N. Y. 426), cited by the appellants, is an example of those cases in which it was held that, where an executor is authorized to sell for some specific purpose, which purpose has failed or been accomplished, the power of sale cannot be exercised. So here, if the trusts were void and the power of sale was connected with the execution of the trust, the trust failing, the power of sale would also fail. But we see no connection between the power of sale and trust, although in the execution of the trust it might have been very convenient to have exercised the power of sale.

" The case is presented of a naked power which the testator has given to his executors to be exercised for the best interests of his estate in the winding up of its affairs."

I believe, therefore, that the decree appealed from should be reversed and that it should be determined that the power of sale contained in the decedent's will is a valid and subsisting one.

Decree affirmed. without costs.