In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under the Will of MARY C. FOWLER, Deceased.

Surrogate's Court, New York County, December 30, 1949.

*De Witt, Lockman & De Witt* for trustee, petitioner.

*Pross, Smith & Halpern* for Frederick W. Smith, as administrator of the estate of Mary W. Fowler, deceased, respondent.

*Ralph Bernstein* for Florence W. Smith, respondent.

*Allen Evarts Foster* and *Edmund P. Rogers, Jr.,* for John Elliott and others, respondents.

*George F. Kurzman,* special guardian for unknown parties, respondent.

*Hamilton McInnes* for State Tax Commission, respondent.

COLLINS, S. Decedent's will created a residuary trust for the benefit of her daughter who was granted a general power to appoint the trust remainder by her will. The income beneficiary died intestate and thus failed to exercise the power and question has arisen as to the disposition required to be made of the trust remainder under the circumstances. Decedent's will lacks any provision disposing of the remainder in default of the exercise of the power by her daughter. The court holds that the trust principal is payable to the persons entitled to the intestate property of decedent on the date of decedent's death. (*Wright* v. *Wright,* 225 N. Y. 329; *Clark* v. *Cammann,* 160 N. Y. 315; *Doane* v. *Mercantile Trust Co.,* 160 N. Y. 494; *Matter of Silsby,* 229 N. Y. 396.) This result is required because of the complete omission of any indication in decedent's will as to the disposition desired by her in the event the donee of the power failed or refused to exercise it. Since decedent attempted no gift of the property in the contingency that occurred, decisions construing particular text of other wills and canons of construction respecting the interpretation of testamentary language generally have no relevancy. In the case at bar intestacy does not result from the failure of an attempted gift. Neither is the property payable to the distributees of decedent perforce an explicit provision to that effect in the will, as was the fact in *Beers* v. *Grant* (110 App. Div. 152, affd. 185 N. Y. 533). The property of decedent passes in intestacy by operation of law solely because decedent failed in her will to make any disposition of it in default of the exercise of the power of appointment. (*Matter of Toplitz,* 191 App. Div. 477, affd. 234 N. Y. 556; *Matter of Hayman,* 134 Misc. 803, 809, affd. 229 App. Div. 853, affd. 256 N. Y. 557; *Duff* v. *Rodenkirchen,* 110 Misc. 575, affd. 193 App. Div. 898.)

Submit decree on notice construing the will and settling the account.